IN THE MATTER OF THE ESTATE OF MICHAEL CARR.

ADMINISTRATORS.—The right of persons entitled to administer on an estate to have, upon their written request, letters of administration granted to persons not entitled to administer, only exists where there is a vacancy in the administration.

SAME.—Where notice in the manner prescribed by law has been given of an application for letters of administration, and upon the hearing no opposition is made, and letters are issued to the applicant, who is not within the degrees of consanguinity mentioned in the sixty-seventh section of the Act to regulate the settlement of the estates of deceased persons, the only parties who can obtain a revocation of the letters as an absolute, unqualified right, are, the wife, child, father, mother, or brother, of the intestate, and they are only authorized to have the letters revoked by presenting a petition praying the revocation, and that letters may be issued to him or her.

APPEAL from the Probate Court, Sacramento County.

The facts are stated in the opinion of the Court.

*Robinson & McConnell*, and *C. G. W. French*, for Appellants, cited sections fifty-two to sixty-eight of the Act to regulate the settlement of the estates of deceased persons, and *In the Matter of the Estate of Pacheco*, 23 Cal. 476, and *Cooper* v. *Lowerre*, 1 Barb. Ch. R. 45, and *Harrison* v. *McMahon*, 1 Bradford, 282.

*George R. Moore*, for Respondent.

By the Court, SAWYER, J.

Michael Carr died intestate in the County of Sacramento, leaving a sister, Dorothy Bolton, wife of George Bolton, residents of Sacramento County; a brother, Mark Carr, a resident

of Sonoma County, and several married sisters in England, but no other relations in the State of California.

George Bolton, husband of said Dorothy Bolton, and F. McComber, Public Administrator of Sacramento County, each applied for letters of administration. Upon a hearing on the several petitions, it was ordered that letters issue to George Bolton. George Bolton afterwards, as appears by the findings, "came into Court and declared himself unable to procure the requisite sureties, waived his right to administer, and consented that letters of administration should be granted to said Mc-Comber." Thereupon letters were issued to McComber, who qualified and entered upon his duties as administrator. Afterwards said Mark Carr, brother of deceased, filed a petition praying that the letters granted to McComber be revoked, and the administration granted to him. Upon the hearing, the prayer of the petitioner was denied on the ground that he was not entitled to letters under the fifty-fifth section of the Act relating to estates of deceased persons, for want of integrity. John Bennett and Stephen Addison then filed a petition praying a revocation of the letters granted to McComber, and the issue of letters to themselves, which petition was accompanied by a written request to the same effect, signed by said Bolton and wife, and Mark Carr. The prayer was denied, and from the order denying the petition this appeal is taken.

There is no question as to the entire fitness of both McComber and the appellants to discharge the duties of the trust. The only question is, as to the absolute, unqualified right of Mark Carr and Bolton and wife, on their written request, to have the letters issued to McComber revoked, and other parties of their selection, not otherwise entitled, appointed. This right is claimed by the appellants under the sixty-sixth and sixty-seventh sections of the Act. We think section sixty-six refers to cases where there is a vacancy in the administration. The Public Administrator is one of the persons entitled to letters. There are others entitled to preference. In this case a petition was filed by Bolton, the husband of the sister of the deceased, in right of his wife, and by McComber at the same

time. Letters were awarded to Bolton, but being unable to give the necessary bond, letters were issued to McComber with his assent. On the hearing of McComber's application, all parties interested having had notice in the mode prescribed by law, had an opportunity to oppose it. No opposition having been made, the letters were duly issued to him, and were subject to be defeated by the mere will of the parties interested only in the cases specified in section sixty-seven. The only parties who are authorized to obtain the revocation under that section are the wife, child, father, mother or brother of the intestate, and *such* persons are only authorized to have the letters revoked by presenting a petition " praying the revocation and that letters of administration may be issued *to him or her*," and not to parties not entitled to administer otherwise than by the request of such parties praying the revocation. Neither Bolton nor his wife is one of the parties mentioned in section sixty-seven. Mark Carr asks that the letters be revoked, not that he may be appointed himself, but that letters may issue to strangers, who, aside from his request, have no right to administer. We think no such unqualified right to have the letters revoked and appellants appointed, as claimed by appellants, exists. In *Pacheco's Case*, one of the petitioners was a child of the deceased, and she asked that letters be issued to herself.

In the present case it appears that it had been judicially determined in a proceeding on a prior application that Mark Carr was himself incompetent.

Judgment affirmed.