[No. 11480. Department Two. — December 17, 1887.]

IN THE MATTER OF THE ESTATE OF MICHAEL C. GARBER, DECEASED. LOUIS GOTTSHALL, APPELLANT, *v.* ANSON BARSTOW, RESPONDENT.

ESTATE OF DECEDENT — RENUNCIATION OF EXECUTOR — LETTERS OF ADMINISTRATION WITH WILL ANNEXED — WHO ENTITLED TO. — Upon the renunciation of the person named in a will as executor of his right to letters testamentary, letters of administration with the will annexed must be issued as provided by section 1365 of the Code of Civil Procedure for the grant of letters in cases of intestacy.

ID. — PUBLIC ADMINISTRATOR — APPOINTEE OF EXECUTOR. — As between the public administrator and the appointee of a foreign executor, who has renounced his right to letters testamentary in this state, and who is not the surviving husband or wife of the deceased, the public administrator has the prior right to be granted letters of administration with the will annexed.

ID. — SURVIVING PARTNER NOT ENTITLED TO LETTERS. — Under section 1365 of the Code of Civil Procedure, a person who was at one time in partnership with the testator cannot be appointed an administrator with the will annexed of his estate, when at the time of his death there are unsettled matters between them growing out of their partnership relation.

APPEAL from an order of the Superior Court of Alameda County granting letters of administration with the will annexed.

The facts are stated in the opinion of the court.

*Edw. C. Robinson*, for Appellant.

As between the public administrator and the appointee of the foreign executor, the former has the prior right to letters with the will annexed. (Code Civ. Proc., secs. 1322, 1324, 1349, 1350, 1365; *Estate of Beech*, 63 Cal. 458; *Administration of Spinning*, 1 Tuck. 78; *In re Ward*, 1 Redf. 254; *Ex parte Brown*, 2 Bradf. 22; *Administration of Depau*, 1 Tuck. 290; *Bradley* v. *Bradley*, 3 Redf. 512; *Estate of Hyde*, 64 Cal. 228; *Estate of Cotter*, 54 Cal. 217; *Estate of Kelly*, 57 Cal. 81.)

*Rhodes & Barstow*, for Respondent.

Section 1365 of the Code of Civil Procedure does not profess to deal with cases like the one at bar, as in the present case the deceased died testate. (*Estate of Barton*, 52 Cal. 538; *Estate of Nunan*, Myrick's Prob. Rep. 238; *Estate of Murphy*, Myrick's Prob. Rep. 185; Code Civ. Proc., sec. 1379.) Under the plain language of section 1350 of the Code of Civil Procedure, a non-resident is as competent to serve as an executor as a resident. Under the last clause of this section, if it applies to foreign wills, letters must be issued to the executor named in the will, or letters must go to the parties as provided in section 1365. The clause, however, should not be construed as applicable to foreign wills, as it is obvious that there would be a manifest impropriety in forcing upon an executor, who has charge of the principal matters pertaining to the estate, the services of a person whom he may not know, or to whom he may have insuperable objections.

SHARPSTEIN, J.— On the thirteenth day of June, 1885, Michael C. Garber died testate, in the state of Virginia, leaving an estate in the county of Alameda, in this state, where he formerly resided and did business, in partnership with Anson Barstow, respondent herein.

The will of the testator was admitted to probate in the state of Virginia, and letters testamentary duly granted and issued to Arista Hoge, the executor named in the will. On the 2d of September, 1885, said will and the probate thereof, duly authenticated, were filed in the Superior Court of Alameda County, together with a renunciation by said Hoge of his right to qualify as executor of said will in said county of Alameda, and a request that said Anson Barstow should be appointed administrator with the will annexed.

And said Barstow at the same time filed his petition to be appointed administrator of said estate with the

will annexed. Appellant, who was at that time public administrator, filed a petition for letters of administration of said estate, and also objections to the appointment of said Barstow, on the ground that appellant was entitled as public administrator to letters of administration in preference to Barstow.

The matter was heard by the court, and the application of said Barstow was granted, and letters of administration with the will annexed were ordered to be issued to him.

From that order this appeal is prosecuted by the public administrator, who contends that, upon the renunciation of the executor, letters of administration with the will annexed should have been issued as designated and provided for the grant of letters in cases of intestacy. (Code Civ. Proc., sec. 1350.)

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned; . . . . and they are, respectively, entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed; 2. The children; 3. The father or mother; 4. The brothers; 5. The sisters; 6. The grandchildren; 7. The next of kin entitled to share in the distribution of the estate; 8. The public administrator; 9. The creditors; 10. Any person legally competent."

It does not appear that decedent left a wife. Therefore there was no one who had a right to request the appointment of Barstow. (Code Civ. Proc., sec. 1365.)

If decedent had died intestate, we think it would be conceded that the order appealed from is erroneous. And after the renunciation of the executor, letters of administration with the will annexed should have been issued as designated and provided for the grant of letters in cases of intestacy. That is the language of the code, and we cannot, without disregarding it, hold that a per-

son who could not have been appointed administrator if decedent had died intestate, can be appointed administrator with the will annexed, when, as in this case, the executor renounces his right to apply for letters.

It appears by the record that Barstow, to whom letters were granted, and decedent were at one time partners, and that there were unsettled matters growing out of the relation at the time of the death of the decedent. That, we think, rendered Barstow ineligible under the last clause of section 1365 of the Code of Civil Procedure.

Order reversed.

McFARLAND, J., and THORNTON, J., concurred.