## Estate of EMMA CARLSON, Deceased.
[No. 8800; decided October 8, 1891.]

**Executor.**—No Executor of an Executor is, as such, entitled to administer on the estate of the first testator.

**Executor.**—Upon the Death of the Sole Executor of a will, letters of administration with the will annexed of the estate of the testator left unadministered must be granted as designated and provided for in Code of Civil Procedure, section 1365.

**Executor.**—Where an Executor Died Pending Administration, and his executor waited until seven months after his death before applying for letters of administration with the will annexed on the estate of the first testator, and the public administrator filed a counterpetition four days later, and where it does not appear that the public administrator was ever notified of the death of the executor of the first testator, the contention that the public administrator had waived his right to letters by his laches is untenable.

Julian Pinto and L. Englander, for petitioner Otto Carlson.

J. D. Sullivan, for A. C. Freese, public administrator.

COFFEY, J.   The record in this matter shows that Emma Carlson died testate in this city and county on the twentieth day of July, 1889, devising all her estate to John Carlson, her surviving husband, who was in the will nominated and appointed the executor thereof; that on the second day of September, 1889, the will of Emma Carlson, deceased, was admitted to probate by the · above-named court, and letters testamentary were duly issued to said John Carlson; that on the sixth day of December, A. D. 1890, said John Carlson died testate at said city and county, and by the provisions of his will his brother Otto, the first petitioner herein, is the devisee of his estate, and that said John Carlson died before com, pleting the administration of said estate of Emma Carlson, deceased; that on the seventh day of July, 1891, and after said estate of Emma Carlson, deceased, had lain dormant for the period of seven months by reason of there having been no administrator appointed to complete the administration thereof, the petitioner, Otto Carlson, applied for letters of administration therein, with the will annexed, on the estate left unadministered; that on the eleventh day of July, 1891, A. C. Freese, the public administrator of said city and county, filed his petition praying for letters of administration with the will annexed of the property left unadministered in said estate of Emma Carlson, deceased, and contests the issuance of letters in said estate to the petitioner, Otto Carlson, upon the ground that said Otto Carlson is not a relative of said Emma Carlson, deceased, and, therefore, he, the said administrator, has the prior right to letters under the order prescribed by section 1365 of the Code of Civil Procedure, relating to persons entitled to administer on the estates of deceased persons.

It is contended on behalf of petitioner, Otto. Carlson, that section 1365, above referred to, can have no application as to his right to letters of administration, with the will annexed, issued to him, because that section only applied and

governs the court in the granting of letters on the estates of persons dying intestate.

In this case it is admitted that Emma Carlson, deceased, did not die intestate, but, on the contrary, that she did die testate, and that her will was admitted to probate.

The supreme court of this state, in the Estate of Barton, Deceased, 52 Cal. 540, say: "A decedent whose will is entitled to be admitted to probate did not die intestate, and therefore section 1365 is not applicable to this case, and the probate court, in granting letters of administration with the will annexed, is not limited to the order therein prescribed."

In this case, if the public administrator by any construction of the statute could be deemed to have had a prior right to letters, it is maintained by counsel for Carlson that he waived such right by his laches.

"Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to appear and claim the issuance of letters to themselves": Code Civ. Proc., sec. 1377.

"If one entitled to administer waives his right to or refuses to apply for letters, the court may appoint another, and thereafter refuse to revoke these letters": Estate of Keane, 56 Cal. 407. See, also, Kirtlan's Estate, 16 Cal. 161.

Counsel for the petitioner, Otto Carlson, insists that he has a right to the benefit of his own diligence and of the public administrator's laches. "Lex vigilantibus, non dormientibus, subvenit": 16 How. Pr. 144.

"The law helps the vigilant before those who sleep on their rights": Civ. Code, sec. 3527.

"Between rights otherwise equal, the earliest is preferred": Civ. Code, sec. 3525.

Counsel for public administrator, on the contrary, contends that the Code of Civil Procedure, section 1365, prescribes the order in which letters must be granted, and counsel for said Otto Carlson virtually admits that, if section 1365 applies, the public administrator is entitled to the letters, said Otto not being next of kin to the said Emma Carlson, deceased.

Section 1365, Code of Civil Procedure, does apply to this case: See Code Civ. Proc., secs. 1350, 1353; Estate of Garber, 74 Cal. 338, 16 Pac. 233; Estate of Barton, 52 Cal. 538, was decided November 17, 1876 (by lower court).

Section 1350, above referred to, was amended April 1, 1878, so as to apply to a case of this kind.

The contention as to laches on the part of the public administrator is not tenable, in view of the fact that the petition of Carlson and of the public administrator herein were filed within four days of each other, and there is no claim that the public administrator was ever notified of the death. Otto Carlson's petition must be denied and that of the public administrator granted.