[No. 15746.   In Bank.—August 7, 1895.]

IN THE MATTER OF THE ESTATE OF LI PO TAI, DE-
CEASED.   LI TAI WING, APPELLANT, *v.* A. C.
FREESE, RESPONDENT.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—REVOCATION
OF LETTERS WITH WILL ANNEXED—CONSTRUCTION OF CODE.—Where
letters of administration with the will annexed have been granted to
the public administrator, any relative of the decedent who has a pre-
ferred right to administer, and who is competent, may obtain the revo-
cation of the letters and the issuance of letters of administration with
the will annexed to himself, under the provisions of section 1383 of the
Code of Civil Procedure, and succeeding sections, which must be con-
strued as applying to a case where the decedent has left a will as well
as to cases of intestacy.

ID.—JUDICIAL CONSTRUCTION OF STATUTE—REVISION.—A judicial construc-
tion of a statute which has been revised and re-enacted in its old form
in the code must be presumed to have been intended by the legislature
to be construed as it was construed before the revision, where no suffi-
cient reason appears for changing the construction.

ID.—DISCRETION AS TO REVOCATION OF LETTERS.—The discretionary power
given by section 1354 of the Code of Civil Procedure to remove or re-
tain an administrator with the will annexed in the case therein specified,
does not apply where the petition for the removal of the administrator
with the will annexed is based upon a right to administer conferred
upon the petitioner by the statute, and to cases in which section 1383
applies, where the petitioner is not incompetent by reason of some
statutory disqualification, the court has no discretion to deny the peti-
tion.

ID.—COMPETENCY OF CHINESE PETITIONER—SUFFICIENCY OF UNDERSTAND-
ING.—Where the petitioner for the revocation of letters of administration
to the public administrator is the son of a Chinese decedent, proof that
the petitioner could not speak the English language, and was not in-

structed as to the constitution of the state, does not show that the petitioner has not sufficient understanding to be competent to receive letters of administration; and where other evidence shows that the petitioner is a man of intelligence and education, he cannot be held to be incompetent for want of sufficient understanding.

Id.—Prior Adjudication—Petition by Executor to Revoke Letters Issued During Minority.—Where the petitioner has made a prior application, under section 1354 of the Code of Civil Procedure, to revoke letters issued during his minority, he having been named as executor, which application had been simply denied, without any reason assigned, and without any finding of fact, such denial does not imply a finding of incompetency, and does not constitute a prior adjudication of a want of understanding as against a subsequent application under section 1383 of the Code of Civil Procedure.

Appeal from an order of the Superior Court of the City and County of San Francisco refusing to revoke letters of administration with the will annexed. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

*Alexander D. Keyes,* and *Philip Teare,* for Appellant.

The petitioner was entitled as of absolute right to letters of administration. (Code Civ. Proc., secs. 1350, 1383–86, 1426; *Estate of Pacheco,* 23 Cal. 476; *Estate of Johnson,* 98 Cal. 531; *Estate of Wooten,* 56 Cal. 322.) The petitioner was not incompetent within the meaning of section 1383 of the Code of Civil Procedure. (Code Civ. Proc., sec. 1369; *Estate of Bauquier,* 88 Cal. 302.) Ignorance of the English language is not a disqualification. (Code Civ. Proc., sec. 1369; *Estate of Pacheco, supra; Hassey* v. *Keller,* 1 Demarest (N. Y.), 577.) Illiteracy does not disqualify. (*Emerson* v. *Bowers,* 14 N. Y. 449; *Bowersox's Appeal,* 100 Pa. St. 434; 45 Am. Rep. 387.) The order denying the appellant's prior application under section 1354 was not admissible as *res adjudicata,* not being pleaded as such, and there being no evidence, and no findings of fact, and no determination of incompetency upon the face of the order. (*Cave* v. *Crafts,* 53 Cal. 135; *Davis* v. *Perley,* 30 Cal. 630, 636; Code Civ. Proc., sec. 1911; *People* v. *Frank,* 28 Cal. 507; *Sanders* v. *Simcich,* 65 Cal. 53; *Wixson* v. *Devine,*

80 Cal. 385; *Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 553, 561; *Hoppe* v. *Hoppe*, 99 Cal. 536.)

*J. D. Sullivan*, and *Herbert Choynski*, for Respondent.

The conflict between section 1354 and section 1383 must be settled according to the rule of construction found in the Political Code. (Pol. Code, sec. 4483; *Estate of Bergin*, 100 Cal. 378.) The denial of a prior application for letters is a bar to this proceeding, there having been no permission to renew the application to revoke the letters. (Code Civ. Proc., sec. 182; *Estate of Keane*, 56 Cal. 409.) The petitioner not having knowledge of the English language could not take the oath nor conform to the requirements of the code. (Code Civ. Proc., sec. 1387.)

BEATTY, C. J.—On the 28th of February, A. D. 1894, appellant, Li Tai Wing, filed a petition in the probate court of the city and county of San Francisco, in which, with other allegations, he stated that Li Po Tai died in said city and county, March 20, 1893, testate; that by his will he nominated petitioner and his mother executor and executrix of the will; that at the time of the death of Li Po Tai, and when the will was probated, and letters testamentary were issued to his mother, petitioner was a minor, and was absent from the state of California; that his mother, Lee See, was appointed executrix April 11, 1893, and duly qualified; that afterward, on the twenty-seventh day of October, 1893, said Lee See was removed from office, and her said letters revoked; and afterward, on the fifteenth day of November, 1893, A. C. Freese, public administrator, was appointed administrator with the will annexed, to take charge of the estate, and said Freese duly qualified, and is still acting, as such administrator; that said Freese was not the husband or wife, child, father, mother, brother, or sister of said Li Po Tai, deceased.

Petitioner is the eldest son of said Li Po Tai, is over the age of twenty-one years, and a resident of the city

and county of San Francisco.    Wherefore, he asked
that the letters of administration issued to A. C. Freese
be revoked, and letters of administration, with the will
annexed, be issued to petitioner.

Freese was duly cited to appear and answer.  He filed
no answer, but did appear and was allowed to contest
the right of the petitioner.    Petitioner bases his claims
upon the language of section 1383 of the Code of Civil
Procedure, and succeeding sections.    He contends that
under these provisions his right to the relief asked is
absolute, provided only that he be found to possess the
statutory competency.

The first question to be considered is this: Has sec-
tion 1383 any application where the decedent has left a
will?  By its terms it might seem to have been intended
to apply only in cases of intestacy, but in *Estate of Pa-
checo*, 23 Cal. 476, it was applied to a case in which, like
the present, there was a will, and in which the other ma-
terial facts were substantially the same.    It is true that
the question of its applicability, although argued by
counsel, was not expressly adjudicated, but the decision
rests upon the tacit assumption by the court that the
right to administration in the case provided for is un-
affected by the fact that there is a will.    In itself this
decision may not be of much weight as an authority,
but it was made many years ago, and has never been
overruled or questioned.    Meantime, the legislature has
revised the statute, and re-enacted this particular section
in its old form, and we are bound to suppose with the
intention that it should be construed now as it was con-
strued before the revision.    In my opinion there is no
reason for changing its construction.    If it be said that
the decision in the Pacheco case disregarded the terms of
the law, it may be answered that the court was fully jus-
tified by the whole tenor of the statute and the manifest
policy of the legislature, in respect to the choice of ad-
ministrators, in departing from a literal construction of
this particular section.    By the old Probate Act—as by
the corresponding sections of the code—the legislature

had prescribed the order in which the relatives and creditors of an intestate and other persons should be entitled to administer, and had made the same order of preference applicable to cases in which executors named in a will failed to qualify or ceased to act. These various provisions are found in sections 1350, 1365, 1425, and 1426 of the Code of Civil Procedure. The policy of the law is clear. In the absence of any designation of an executor by the decedent, certain persons in a certain order have the right to administer. When executors have been appointed by the decedent, if they cannot act, or will not act, or are not allowed to act, then the same persons in the same order are entitled to letters of administration with the will annexed. Failing the choice of the decedent, the law enforces its choice.

And so of the case where letters of administration have been granted to some person other than the husband or wife or child of the decedent, it makes no difference whether there was a will or not, if one of the persons preferred by the law asks that the administrator (with or without the will annexed) be removed and himself appointed, his request should be granted if he is legally competent to discharge the trust.

It is argued that this conclusion does not follow, and that this section 1383 does not apply in cases of testacy, because section 1354 is specially applicable to such cases, and confers upon the court a discretionary power to remove or retain the administrator with the will annexed as it may deem proper. But I do not think section 1354 applies where the petition for the removal of the administrator with the will annexed is based upon a right to administer conferred upon the petitioner by the statute. If the petitioner has no other right to administer except such as flows from his designation by the decedent, then section 1354 applies, and the granting or refusal of the petition rests in the sound discretion of the court. But when the petition is based upon the statutory right to administer, then section 1383 applies, and if the petitioner is not incompetent by rea-

son of some statutory disqualification, the court has no discretion to deny his petition.

But although the objection that section 1383 does not apply is the point principally relied on by respondent to support the order of the superior court denying the petition of Li Tai Wing, it does not appear that this was the ground of the decision. The superior court found that Li Tai Wing was not competent, and that he had been previously adjudged incompetent to discharge the trust, and on these grounds denied his petition. The question is whether the evidence sustains these findings.

In my opinion it does not. The only evidence of incompetency was directed to the point that the petitioner had not sufficient understanding (Code Civ. Proc., sec. 1350), and it only proved that he could not speak the English language, and was not instructed as to the constitution of the state.

These facts do not show lack of understanding, and the other evidence showed that the petitioner was a man of intelligence and education.

Nor was there any prior adjudication of want of understanding. The petitioner had made an application under section 1354, which had simply been denied without any reason assigned and without any finding of fact. The denial of the former petition does not imply a finding of incompetency, because there are various other grounds upon which it might have been denied. (Code Civ. Proc., sec. 1911.)

The order appealed from is reversed.

VAN FLEET, J., McFARLAND, J., and HENSHAW, J., concurred.

Rehearing denied.