[S. F. No. 1223.   Department One.—March 23, 1898.]

In the Matter of the Estate of EDWARD E. SHIELS, Deceased. HENRY E. MONROE, Appellant, v. GEORGE F. SHIELS, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—REQUEST BY SURVIVING WIFE—REVOCATION OF REQUEST.—The widow of a deceased person, after having requested the appointment of her nominee as administrator of his estate, in lieu of the brother of the deceased, to whom letters of administration had previously been granted, is not estopped from revoking her request and consenting to the continuance in office of the then administrator, at any time before the court has acted upon it.

ID.—GRANT TO BROTHER—PRIORITY OF WIDOW.—Under section 1386 of the Code of Civil Procedure, after letters of administration have been granted, upon the original application therefor, to a brother of the deceased, the surviving wife, although she has a prior right to have such letters revoked and to obtain letters of administration for herself, cannot confer such right of priority upon a nominee.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to grant letters of administration. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Hiram W. Johnson, for Appellant.

Morrison, Foerster & Cope, for Respondent.

HARRISON, J.—Edward E. Shiels died at the city of Paris July 19, 1896, and on August 21st of that year letters of ad-

ministration were granted by the superior court of San Francisco to the respondent herein, who is a brother of the deceased. The widow of the deceased resides in Scotland, and after letters had been issued to the respondent, she requested the court to appoint the appellant as administrator of the estate, and on December 29th he filed a petition that the letters issued to the respondent be revoked, and that letters of administration be issued to him. When the matter came on for hearing before the court, the respondent presented a document, executed by the widow subsequent to her request for the appointment of the appellant, withdrawing her application for the administration, and consenting that the estate be administered by the respondent. The court thereupon denied the application of the appellant, and from this order he has appealed.

It is urged in support of the appeal that, by requesting the court to appoint the appellant as administrator of the estate, the widow was estopped from afterward consenting that the respondent should continue in its administration. The mere fact of requesting the appointment would not, however, as a matter of law, estop her from revoking her request, and, whether there were attendant circumstances which would authorize the court to give her request greater or less consideration than her subsequent withdrawal thereof, was a matter for the determination of the court in its discretion. The right to have letters issued to the nominee was the right of the widow, and not of the nominee. It is the policy of the law that the widow shall have the control of the administration of her husband's estate (*Estate of Dorris*, 93 Cal. 611), and matters may have supervened subsequent to her first request which would justify her in asking the court to disregard it, and she was not precluded from withdrawing her nomination at any time before the court had acted upon it, or from requesting the court to continue the administration previously granted.

Under section 1377 of the Code of Civil Procedure, the respondent, as a brother of the deceased, was entitled to letters in the absence of an application by any person whose right was prior to his own. The failure of such persons to appear and claim letters for themselves was a waiver of their right to letters, and, except for some delinquency or incapacity on his

part, the court is authorized to revoke his letters only in the instances given by virtue of sections 1383-86.

Upon the original application for letters of administration upon the estate of a deceased person, section 1365 of the Code of Civil Procedure gives to the surviving husband or wife the right to have letters issued to any competent person whom he or she may request to have appointed, and by sections 1383-85 the same right exists when letters have once been granted to "any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate." As the letters in the present case were granted to the surviving brother, the provisions of these sections are inapplicable, but the rights of the surviving wife are governed by the provisions of section 1386. That section does not give her the right to have letters issued to any competent person whom she may request to be appointed, but merely authorizes "the surviving husband or wife to assert his prior right, and obtain letters of administration." Prior to 1880 there was no provision, after letters had once been issued, for their revocation at the instance of a nominee of the relatives named in section 1383 (see *Estate of Carr*, 25 Cal. 585); but in that year the legislature amended this section by giving to the nominee of these relatives the right to obtain administration and have the former letters revoked. The omission to make the same amendment to section 1386 makes it evident that the legislature did not intend to give this right to the nominee of the husband or wife in the instances named in that section.

The order is affirmed.

Garoutte, J., and Van Fleet, J., concurred.