ESTATE OF JULIA H. TRACY, DECEASED.

[No. 21,316; June 24, 1899.]

**Revocation of Letters of Administration—Competency of Parties.—** Where letters of administration with the will annexed have been granted to the public administrator on the estate of a deceased nonresident, a resident brother of the decedent, though not entitled to letters on an original application because of section 1365 of the Code of Civil Procedure, may nominate a stranger to petition for a revocation of the letters granted and for the issuance of letters to the petitioner, and the petition will be granted, both the nominor and the nominee being competent, under section 1369 of the Code of Civil Procedure, to serve as administrators.

Elliott McAllister, for application.

A. Ruef, contra.

COFFEY, J.   The petition filed herein prays for a revocation of the letters of administration, with the will annexed, heretofore issued to John A. Drinkhouse, public administrator of the city and county of San Francisco, and for their issuance to the petitioner.   The petition is filed in conformity with section 1383 of the Code of Civil Procedure, which reads as follows:

"Section 1383.   When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person, at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying the revocation and that letters of administration may be issued to him."

THE FACTS.

The petition is presented by A. C. Bingham.   Hiram T. Hutchinson, a brother of the deceased, has filed a written request for the revocation of the letters of administration issued to John A. Drinkhouse, public administrator, and for issuance of the letters of administration to the petitioner.   The deceased was a nonresident of California and died in Connecticut.   She left there two children of full age, neither of

whom is a resident of the state of California. The will of the deceased was admitted to probate in the state of Connecticut, and by authenticated copy was admitted to probate in the state of California. The deceased left neither husband, child, father or mother who was a resident of the state of California. Hiram T. Hutchinson is a resident and a brother of said deceased, is not under the age of majority, and has not been convicted of an infamous crime, and has not been adjudged by any court incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity. A. C. Bingham, the petitioner, has similar qualifications, excepting only that he is not a relative of the deceased.

### THE LAW.

Section 1383 limits the petition to one who is competent; to a competent one of certain relatives or to the competent nominee.

In section 1369 the legislature has stated who is not competent in the following words:

"Section 1369: No person is competent or entitled to serve as administrator or administratrix who is

"1. Under the age of majority;

"2. Not a bona fide resident of the state;

"3. Convicted of an infamous crime;

"4. Adjudged by the court incompetent to execute the duties of the trust, by reason of drunkenness, improvidence, or want of understanding or integrity."

It is submitted, therefore, that the facts exist and that every requirement of the statute is fulfilled.

Hiram T. Hutchinson fulfills all the requirements of a nominor; A. C. Bingham all the requirements of a nominee.

Section 1385 makes it mandatory on the court to revoke the letters and issue them to the nominee.

"Section 1385. At the time appointed, the citation having been duly served and returned, the court must proceed to hear the allegations and proofs of the parties and if the right of the applicant is established, and he is competent, letters of administration must be granted to him, and the letters of the former administrator revoked."

A. C. Bingham is the applicant; he has established his right by presenting his written nomination, and he is competent. The question is, Can Hiram T. Hutchinson nominate? Has he the right? He has such a right.

It may be contended that he cannot nominate because he himself is not entitled to letters of administration on an original application therefor, by reason of the limitation of section 1365, which says:

"The relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof."

This amendment was made in April, 1878 (Stats. 1877–78, p. 111). And therefore the conclusion will be that the legislature by that section intended to deny a relative any participation in the administration of the estate and any right to nominate, and any right under section 1383 to petition for a revocation of letters of administration. In support of this latter view of the legislative intent it may be noted, also, that section 1369 was amended at the same session by inserting the words "or entitled" and the words, "2. Not a bona fide resident of the state"; so that the section reads as above quoted. (Stats. 1877–78, p. 112.)

On the other hand, there can be found no intention expressed in the sections accompanying section 1383 to limit the competency of a nominor, except as clearly stated in section 1369. Had the legislature intended to limit a brother who is competent to nominate and petition for revocation of letters of administration, it had a special opportunity at which to express such intention, because the words, "who is competent or any competent person at the written request of any one of them," were inserted at the session of 1880 (Stats. 1880, p. 80); that is, at the session following the amendment that "entitled" the relatives to apply in the first instance for letters of administration, only when he could succeed to the personal estate.

The legislature was careful to harmonize section 1369 with the amendment of section 1365, by use of the word "entitled," and on the amendment at the following session of section 1383 it did not see fit to place that limitation on the

right of certain specified relatives, i. e., the first five classes of section 1365, to petition for a revocation of letters. On the contrary, the legislature amended by using the word "competent" and not the word "entitled." Had the latter word been used, there could have been no question, and the present petition could not be presented. But the legislature has used the word "competent" as a limitation of the relatives as well as of their nominees. Had the other view been intended, then the amendment of 1880 should have read, "Any one of them who is entitled or any competent person at the written request of any one of them who is entitled."

It cannot be argued fairly that the legislature intended to use the adjective "competent" with two different meanings in one sentence. The same definition must be given to the word in each instance, and that definition must be found in section 1369; it cannot be that the competency of a relative is to be measured by any standard other than that applied to the competency of a stranger.

The supreme court has held that section 1383 applied to a case of testacy as well as of intestacy: Estate of Li Po Tai, 108 Cal. 484, 41 Pac. 486.

After a careful examination of the reports, this court cannot find any decisions on a similar statement of facts, and but few that can assist in the determination of this question. Of the many cases with reference to letters of administration, most of them were on original application.

In Estate of Beech, 63 Cal. 458, the deceased was a nonresident; no heirs or relatives were in California; the nonresident son nominated a resident stranger. The court denied this right and interpreted section 1367, with which section the present facts have nothing to do.

In Estate of Garber, 74 Cal. 338, 16 Pac. 233, the deceased was a nonresident; there was no resident relative; the nonresident relative made the nomination; this was refused.

In Estate of Bedell, 97 Cal. 342, 32 Pac. 323, the nominee of the resident father and mother was granted letters in opposition to the petition of the public administrator.

In Estate of Bergin, 100 Cal. 376, 34 Pac. 867, the deceased was a nonresident and the applicant a resident devisee, who was held to be a person "interested in the will."

In the Estate of Muersing, 103 Cal. 585, 37 Pac. 520, the deceased, a resident, left no resident relatives. His nonresident father nominated a stranger. Petition denied.

In Estate of Li Po Tai, 108 Cal. 484, 41 Pac. 486, we find a petition for revocation of letters granted the public administrator. The resident son made application. The questions were, Did section 1383 apply to testacy, and did the petitioner have sufficient intelligence  Both were decided affirmatively.

In Estate of Richardson, 120 Cal. 345, 52 Pac. 832, the deceased was a resident; there were no resident relatives; the nonresident executor and a resident devisee nominated a competent stranger. Petition was denied.

In Estate of Shiels, 120 Cal. 349, 52 Pac. 808, we find a decision that shows how strictly the court holds the applicant to the law as laid down in section 1383 et seq. The deceased was a nonresident; a resident brother obtained letters; the nonresident widow nominated a competent stranger who petitioned for revocation of letters and for his own appointment. The court held that it was too late; that under sections 1383–1386 were found her rights to revoke letters, and whatever might have been the nonresident widow's right to nominate the petitioner on the original petition for letters of administration, such right no longer existed; and her assertion of a prior right must be governed by sections 1383–1386.

And so in this case the court must control its action by the terms of the same sections.

In Estate of Healy, 122 Cal. 162, 54 Pac. 736, letters were granted to public administrator in opposition to petition of the nominee of the nephew and niece, the next of kin of intestate. The court held the rights of the nephew and niece to be wholly embraced within section 1379, and that the rulings of the court left it discretionary with the lower court.

In its decision the court has said: "The power to procure a revocation of letters, and the appointment of a nominee after letters have been issued to one not in the first five classes, and enumerated in section 1365 of the Code of Civil Procedure, is accorded to the members of those five classes and to their nominees by section 1383 of the Code of Civil Procedure."

It seems, therefore, that as the law stands to-day the right to revocation of the letters already issued is made absolute under the terms of sections 1383 and 1385 of the Code of Civil Procedure.

For the foregoing reasons the petition should be granted and the letters heretofore issued should be revoked, and such is the order of the court this day made and entered.