(May 28, 1913.)

## WILLIAM McCORMICK, Appellant, v. F. R. BROWNELL, Administrator, Respondent.

### [136 Pac. 613.]

ESTATE OF DECEASED PERSON—RIGHT OF ADMINISTRATION—RIGHT OF PERSON ENTITLED TO APPOINTMENT TO NOMINATE ANOTHER PERSON.

1. Under sec. 5364, Rev. Codes, upon the hearing of an application for the appointment of an administrator of an estate, it is necessary for the applicant to prove the death of the deceased by the testimony of the applicant or others. This requirement, however, is complied with where two separate applications are made and filed for the appointment of two different persons as administrator, and both petitions allege the death of the testator and the evidence supports the allegations.

2. Under the provisions of sec. 5351, Rev. Codes, any person legally competent may apply and be appointed administrator of an estate, if no one of the first ten classes of said section desires or makes application for such appointment.

3. The provisions of secs. 5351 and 5365 do not authorize or empower the probate judge of a county to appoint a person who is not of kin to the deceased as administrator, except, first, that no application is made by one of kin of the deceased, who is a resident of the state and competent and entitled to the appointment; and, second, upon nomination or written request of the person entitled to the appointment.

4. The law of this state clearly grants to the person entitled to administration the power to select some competent person to discharge the duties of administration, and the probate court is limited in his power by such request, and if such person entitled to appointment applies for the appointment of a stranger or a person not of

kin, the appointment depends wholly upon the request of the one who is of kin, if there is such kin, and such person of kin can control the appointment until the probate judge has acted upon the appointment by appointing the person so nominated, provided that such person must be a competent person, under the law.

5. The law recognizes the right of a person of kin to nominate and request the appointment of a competent person as administrator, where the person of kin does not desire to be appointed, and where such application is filed with the probate judge for the appointment of a person to the office, until such petition is acted upon by the probate judge, such request may be withdrawn and the one of kin has the right to make application for the appointment of himself as administrator, and the former nomination and request is of no force or effect.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

Appeal from an order appointing an administrator of the estate of a deceased person. *Reversed.*

**J. G. Hedrick,** for Appellant.

No person is competent to serve as administrator who is not a *bona fide* resident of Idaho. (Sec. 5355, Rev. Codes.)

And a nonresident is incompetent to nominate. (Sec. 5365, Rev. Codes; *In re Muersing's Estate,* 103 Cal. 585, 37 Pac. 520; *In re Donovan's Estate,* 104 Cal. 623, 38 Pac. 456; *State v. Woody,* 20 Mont. 413, 51 Pac. 975.)

Only the nominee of one who is himself competent to serve can be considered by the court. (*In re. Bedell's Estate,* 97 Cal. 339, 32 Pac. 323; *Estate of Beech,* 63 Cal. 458; *Estate of Hyde,* 64 Cal. 228, 30 Pac. 804.)

Right to nominate exists only in the person entitled to administer. (*Estate of Dorris,* 93 Cal. 611, 29 Pac. 244; *Estate of Richardson,* 120 Cal. 344, 52 Pac. 832; *Estate of Healy,* 122 Cal. 162, 54 Pac. 736; *Estate of Brundage,* 141 Cal. 538, 75 Pac. 175.)

A petitioner cannot pray that letters issue to another; his prayer must be that letters issue to himself. (*In re Batchelor,*

64 How. Pr. (N. Y.) 350.   See, also, *Estate of Kirtlan,* 16 Cal. 161.)

A request may be revoked at any time before it has been acted upon.   (*Rowell v. Adams,* 83 S. C. 124, 65 S. E. 207.)

It may be revoked where it was given under a mistake of fact.   (*Slay v. Beck,* 107 Md. 357, 68 Atl. 573; *Lutz v. Mahan,* 80 Md. 233, 20 Atl. 645.)

The mere fact of requesting the appointment of another does not estop a revocation of the same, and the right to revoke is upheld.   (*In re Shiel's Estate,* 120 Cal. 347, 52 Pac. 808; *Triplett v. Wells,* Litt. Sel. Cas. (16 Ky.) 49; *Casey v. Gardiner,* 4 Brad. Surr. Rep. (N. Y.) 13.)

Sullivan & Sullivan, for Respondent.

The court found Brownell had acted upon the renunciation of McCormick, so he is estopped.   (*Rowell v. Adams,* 83 S. C. 124, 65 S. E. 207.)

A renunciation is final and irrevocable unless made under a mistake of fact.   (*Slay v. Beck,* 107 Md. 357, 68 Atl. 573.)

"A voluntary renunciation of the right to administer, once made, cannot afterward be withdrawn."   (*Lutz v. Mahan,* 80 Md. 233, 30 Atl. 645; *Estate of Kirtlan,* 16 Cal. 162; *Estate of Wooten,* 56 Cal. 323; *Estate of Keane,* 56 Cal. 407; *Estate of Moore,* 68 Cal. 283, 9 Pac. 164; *In re Bedell,* 97 Cal. 339, 32 Pac. 323; *In re Bullard's Estate,* 114 Cal. 462, 46 Pac. 297; *In re Sullivan's Estate,* 25 Wash. 430, 65 Pac. 793; *In re Clute's Estate,* 37 Misc. Rep. 710, 76 N. Y. Supp. 456.)

When a revocation is attempted it is the duty of the court to hear the reasons and excuses for the revocation, and also the attendant circumstances, and then determine whether or not he should grant the right to withdraw.   Such is the situation in the case at bar, as the appellant sought to revoke his waiver and gave as a reason that he had been misinformed as to his rights.   He was given a hearing in both the probate and district courts, wherein he sought to prove the excuses relied upon, and further that his consent to sign had been secured by undue influence.   These matters of fact were the issues, tried by the court, and found against the appellant,

and he is, therefore, precluded from obtaining any relief in this court, for the reason that there was a substantial conflict in the evidence. (*Estate of Shiels,* 120 Cal. 348, 52 Pac. 808.)

"As a general rule, a retraction of a renunciation is not favored, and it is generally not permissible after another has been appointed to the office or even while proceedings for such appointment are pending." (18 Cyc. 98; 1 Abbott's Probate Law, 436, 437; 1 Ross' Probate Law & Pr., p. 342; *Stocksdale v. Conaway,* 14 Md. 99, 74 Am. Dec. 515; *Becker v. Orr,* 243 Ill. 77, 90 N. E. 181; *State v. Romjue,* 136 Mo. App. 650, 118 S. W. 1191.)

STEWART, J.—On the 12th day of July, 1912, a petition signed by William McCormick and L. L. Sullivan, attorney in fact, was filed in the probate court of Blaine county, alleging the death of Michael McCormick, on the 11th day of July, 1912, in Hailey, Blaine county, Idaho; that said deceased was a resident of Blaine county, state of Idaho; that the deceased left an estate of real and personal property of about $25,000.

The petition alleges that the next of kin of the deceased, in so far as the petitioners are advised and believe, were William McCormick, a nephew and resident of the state of Idaho, and certain other heirs living outside of the state, mostly in the state of Maryland; that an inquiry had been made to ascertain whether a will had been made or left by the deceased, and none was found, and according to the information and belief of the petitioners the deceased died intestate; that the petitioners are the nephew and attorney in fact for other nephews and nieces. The petition contains a request that letters of administration be issued to F. R. Brownell of Hailey, Idaho.

On July 15, 1912, William McCormick, who signed the petition filed on July 12th, filed with the probate court a petition asking leave to withdraw his name from the petition filed on July 12th, wherein he had requested that F. R. Brownell be appointed as administrator, for the reason that at the time

he signed the petition he was misinformed as to his rights as next of kin in the premises, and signed the same under a misapprehension of the law and facts.

The probate judge, upon the filing of the above petition to withdraw, issued an order setting July 23, 1912, as the day for hearing the petition, which date was postponed until July 24th, and notice of such hearing was duly served. On July 24th William McCormick filed with the probate judge a revocation in writing of his request filed in the probate court · on July 12th for the issuance of letters of administration to Brownell. On the same day William McCormick filed a petition with the probate judge setting forth the death of Michael McCormick, the date and place of death and the fact that the deceased owned certain property, and the names of the heirs, etc., stating grounds for the appointment of an administrator, and wherein William McCormick asked and petitioned that he be appointed administrator of the estate of Michael McCormick. Notice of the filing of this petition was given and a day was set for hearing of said petition, August 5, 1912. The minutes of the probate court show that a hearing was had upon the application of William McCormick for his appointment as administrator, and the revocation of his request for the appointment of Brownell, and that the probate judge recorded the fact that on July 24, 1912, the court refused to allow McCormick to withdraw his name from the petition for the appointment of Brownell, and thereupon refused and denied the application of McCormick to revoke his request for the appointment of Brownell, and that upon the application of McCormick for his own appointment the court refused to consider the same and denied the application for the reason that it had heretofore decided, on July 24th, that McCormick had waived his right, and the court had refused his request to withdraw his name from the application for the appointment of Brownell. On August 5th the probate court made an order that letters of administration of the estate of Michael McCormick be issued to F. R. Brownell, and on the 8th of August an order was made appointing Brownell administrator, and Brownell qualified as such. An

appeal was taken from the judgment of the probate court to the district court.

The case was tried in the district court and the trial court in effect found: (1) That Michael McCormick died on the 11th of July, 1912, in Blaine county, Idaho, and that at the time of his death he was a resident of Hailey, Blaine county; that he left an estate consisting of real and personal property of the value of about $25,000; (2) that July 12, 1912, William McCormick and L. L. Sullivan, as attorney in fact for certain heirs, made application to the probate court of Blaine county for issuance of letters of administration to F. R. Brownell in said estate; (3) that on the 15th day of July William McCormick filed in the probate court his petition for leave to withdraw his name from the petition filed on July 12, 1912, and revoking his request for the appointment of Brownell, for the reason that at the time he signed the petition McCormick was misinformed as to his rights as next of kin, and signed the same under a misapprehension of the law and the facts in the case; (4) that thereafter the probate court made an order setting July 23, 1912, for a hearing on the petition of McCormick and also the petition of Brownell and Sullivan as attorney in fact, and that said date of hearing was duly postponed until July 24th, and that a hearing was then had, and the probate court refused to allow William McCormick to withdraw his name from the petition and refused and denied the application of McCormick to revoke his request for the appointment of Brownell; (5) that on the 24th day of July, William McCormick made application for the issuance of letters of administration to himself in said estate and also filed a revocation revoking his request filed on the 12th day of July, for the issuance of letters of administration to Brownell, declaring the same to be null and void; said revocation alleged that McCormick was not informed as to his rights under the law as next of kin, and that said request was signed by him under a misapprehension of the law and the facts in the case; (6) that both applications or petitions for letters of administration were brought on for hearing on the 5th of August and the probate court,

after hearing, ordered that Brownell be appointed administrator of said estate; (7) that on the 6th of August the probate judge entered an order appointing Brownell administrator of the estate of Michael McCormick, deceased, and on the 8th issued letters of administration to Brownell; (8) that William McCormick at the time he signed the application for the appointment of Brownell as administrator was not misinformed as to his rights as next of kin, and that he did not sign the same under a misapprehension of the law and facts, but that McCormick signed the same freely and voluntarily, and that he was not acting under duress or undue influence in any manner whatever, and that within three months prior to the time of signing and filing said application for appointment of Brownell he had been duly advised and informed of his rights as next of kin in the estate of said Michael McCormick; (9) that Brownell prior to the time that McCormick withdrew his name from the petition to appoint Brownell, and with the understanding that his appointment as such administrator would be satisfactory and agreeable to McCormick, went to expense and trouble in said matters in applying for letters of administration in said estate; (10) that no fraud was practiced by Brownell or anyone in his behalf in reference to matters connected with the appointment of Brownell as administrator.

From these facts the court concluded as a matter of law: (1) That William McCormick in signing his application renounced and waived any right or preference which he might have to be appointed administrator, and by signing the application for the appointment of Brownell under the facts is estopped from revoking or retracting his renunciation; (2) that McCormick had no right to withdraw his name from the petition requesting the appointment of Brownell as administrator; (3) that William McCormick is not entitled to have letters of administration issued to him in said estate; (4) that Brownell is entitled to have letters of administration issued to him in said estate of Michael McCormick.

Judgment was rendered accordingly. This appeal is from the judgment.

A number of errors are assigned and will be considered in the order in which they are presented by counsel for appellant and answered by counsel for respondent.

It is first contended that the evidence is insufficient to show that Michael McCormick died intestate. Appellant relies upon sec. 5364, Rev. Codes. This section provides in part: "The fact of his dying intestate must be proved by the testimony of the applicant or others." There is no merit in this contention. The record shows that both appellant and respondent presented petitions to the probate court for appointment of such appellant and respondent as administrator of the estate of Michael McCormick, and in such petitions it is alleged that the deceased died intestate, and the evidence supports the allegations.

Errors 2 and 3 will be considered together. Error 2 is to the effect that the evidence does not show that Brownell was competent, and without the request of William McCormick under the provisions of our statute he could not be appointed administrator; and error 3 is to the effect that no *bona fide* petition was ever filed in this case until William McCormick filed his application for letters of administration. It will be observed that the two errors assigned are so closely related that the determination of either one of such assigned errors in effect determines both assignments. There is no contention in this case that Brownell was an heir of Michael McCormick; but it appears that William McCormick was a nephew of Michael McCormick, and was a resident of Hailey, Blaine county, Idaho.

Sec. 5351 enumerates the classes of people who, upon proper application, may be appointed as administrators of the estate of a person dying intestate. Such order is as follows: "1. The surviving husband or wife or some competent person whom he or she may request to have appointed; 2. The children; 3. The father or mother; 4. The brothers; 5. The sisters; 6. The grandchildren; 7. The next of kin entitled to share in the distribution of the estate; 8. Any of the kindred; 9. The public administrator; 10. The creditors; 11. Any person legally competent."

Thus it will be seen that any person legally competent may be appointed administrator of an estate, if no one falling in the other ten classes desires appointment. In the present case, Brownell was not of kin to the deceased, and therefore could not have been appointed administrator, except upon nomination or written request of the person entitled to appointment as provided by Rev. Codes, sec. 5365. In the present case Brownell was competent upon nomination, by request made by William McCormick, who was a nephew, one within the classification specified by sec. 5351. The record shows that a petition was filed by William McCormick jointly with L. L. Sullivan, attorney in fact for other heirs, asking for the appointment of F. R. Brownell, and this petition was signed by one party who was interested in the estate, and by the attorney in fact of other alleged heirs, and was a proper application under the provisions of secs. 5351 and 5365, Rev. Codes.

If no other papers had been filed and proper legal notice had been given of such application, and a hearing had, the probate judge would have been authorized to appoint F. R. Brownell as administrator.

It will thus be seen that if no person falling within the first ten subdivisions of sec. 5351 should apply, that any person legally competent may apply and be appointed administrator. In the present case Brownell was not of kin to the deceased, and therefore could not apply for appointment, except upon nomination or written request of a person entitled to appointment. On July 12, 1912, when the petition signed by William McCormick and L. L. Sullivan, attorney in fact, was filed, so far as the record in this case shows, F. R. Brownell was a competent person to make a petition for appointment as administrator, under the provisions of secs. 5351 and 5365, upon the written request of the person entitled to the appointment.

The record shows, however, that on July 15, 1912, three days after the petition of McCormick for the appointment of Brownell and before any action had been taken by the probate judge, McCormick filed with the probate judge

a petition revoking his request for the appointment of Brownell, for the reason that at the time he signed said petition, the petitioner was misinformed as to his rights as next of kin in the premises. This revocation was prior to the time when the order was made by the probate judge appointing Brownell administrator. At the time this petition for revocation was presented to the court, no action had been taken by the probate court and no right had been acquired by Brownell. There can be no question but that William McCormick on the 24th of July, 1912, made a proper application for the issuance of letters of administration to himself in said estate, and on said day filed a revocation of his request filed on the 12th of July for the issuance of letters of administration to Brownell.

The sections of the statute cited show clearly that it was the intention of the legislature to grant to the person entitled to administration the power to select some competent person to discharge the duties of the office, and that the probate court is limited in its power and is required to act wholly upon the desire and request of the person who is entitled to the appointment, and if such person applies for the appointment of a stranger or a person not of kin, the appointment depends wholly upon the request of one who is of kin, if there is such kin, and such person of kin can control the appointment until the probate judge has acted upon the appointment by appointing the person so nominated.

At the time that William McCormick filed his revocation of the request for the appointment of Brownell, nothing had been done by the probate court which in any way conferred any right upon Brownell, or which took away from any other person, who could or was authorized to be appointed, any right bestowed upon any such person, by reason of the filing of the request to appoint Brownell. The action by McCormick revoking his application was simply the exercise of a right he had of withdrawing a privilege which was specifically granted to him under the statute. It follows, therefore, that while Brownell was competent to be appointed, yet he could not be appointed administrator without a valid petition being filed, and upon the withdrawal of McCormick, who was the peti-

tioner, there was no petition on file which would authorize the appointment of Brownell. (*Estate of Shiels,* 120 Cal. 347, 52 Pac. 808; 18 Cyc. 98; 11 Am. & Eng. Ency. Law, 757; *Rowell v. Adams,* 83 S. C. 124, 65 S. E. 207.) Neither can the application filed by Sullivan, as attorney in fact, authorize the appointment of Brownell under the petition filed, because such petition clearly shows that McCormick was an heir and a resident within the state, and that being true, he was the only person who could be appointed without his consent and nomination; so that at the time that Brownell was appointed administrator of the estate of Michael McCormick, there was no petition or application on file in the probate court of Blaine county, Idaho, which empowered the probate judge to appoint the respondent administrator of the estate of Michael McCormick, deceased.

Sec. 5366, Rev. Codes, recognizes the right to revocation in certain classes of cases, and it provides, "When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother or sister of the intestate, any one of them who is competent, or any competent person at the written request of any of them, may obtain the revocation of the letters and be entitled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration be issued to him."

Under this provision a competent person at the request of any of the classes named in the section may obtain a revocation of a request to appoint any other person than those mentioned in the statute. (*Estate of Daggett,* 15 Ida. 504, 98 Pac. 849.) This latter section, however, does not apply to the petition of McCormick for revocation of his request to appoint Brownell, for the reason that he does not belong to any of the classes provided for in said section. The right, however, to withdraw his application for the appointment of a person to the office to which he himself was entitled, under the law, is a right belonging to himself, and it did not belong to Brownell in any way whatever under the law, but depends wholly upon the nomination and consent of McCormick.

The law recognizes the right of a person of kin to nominate and request the appointment of a competent person as administrator, where the person of kin does not desire to be appointed, and where a person of kin nominates and requests the appointment and the same is filed with the probate judge for the appointment of a person to the office, until such petition is acted upon by the probate judge, such request may be withdrawn and the one of kin has the right to make application for the appointment of himself as administrator, and the former nomination and request is of no force or effect.

Assignment of error No. 4, that McCormick was ignorant of his rights as next of kin at the time he signed the request for the appointment of Brownell, is contrary to the evidence, as the evidence does support the fact that he was fully informed by counsel of his rights at the time. There is no evidence to support this assignment of error.

Error No. 5 does not require any discussion. Error No. 6 has been fully covered in the discussion of other questions heretofore. Error No. 7 has been fully discussed under error No. 3.

We think there can be no question in this case but that the district court erred in the first conclusion of law, wherein the court concluded that under the law William McCormick, in signing his application and request for the appointment of F. R. Brownell as administrator of the estate of Michael McCormick, deceased, thereby renounced and waived any right or preference which he might have to be appointed administrator, and by signing said application for the appointment of Brownell he is estopped from revoking or retracting his renunciation as aforesaid. Second, that the court erred in his second conclusion of law, wherein it is held that William McCormick had no right to withdraw his name from the petition which he signed requesting the appointment of Brownell as administrator. Third, the court erred in holding that William McCormick is not entitled to have letters of administration issued to him in said estate. Fourth, that the court erred in the fourth conclusion of law, wherein it is held that F. R.

Brownell is entitled to have letters of administration issued to him in said estate of Michael McCormick.

For these reasons the judgment is reversed, and the trial court is directed to make findings in accordance with this opinion and enter a judgment reversing the probate court, and to order that the case be remanded to the probate court with directions to the probate court to make findings and enter judgment in accordance with the opinion of this court. Costs awarded to appellant.

Ailshie, C. J., concurs.

Sullivan, J., did not sit at the hearing or participate in the determination of the case.

## ON REHEARING.

### (November 29, 1913.)

STEVENS, District Judge.—This case is before the court on a petition for rehearing filed by the respondent, F. R. Brownell. The opinion, heretofore filed in this case, sets forth the statement of facts fully and in concise language, and it will not be necessary here to reiterate it. The petition states two grounds on which it is urged the supreme court erred in the former opinion: First, that the court erred in holding that William McCormick could, as a matter of right, withdraw his name from the Brownell application, when he had not petitioned to withdraw his name as a matter of right; but for the reason that he had been misinformed as to his rights. Second, that the court erred in holding that William McCormick had a right to control the appointment of administrator until the probate judge had acted upon Brownell's application.

We have examined the cases cited by appellant and each seems to have been governed by the particular facts in issue. In the *Estate of Kirtlan,* 16 Cal. 162, cited in appellant's brief, the request came from a brother, who was entitled to letters of administration. The opinion shows that his request to with-

draw his writing requesting the appointment of D. was not made prior to the hearing on the petition, and that the brother waived his right, having encouraged D. to go to the trouble and expense of applying for letters of administration.

The last paragraph of the opinion seems to furnish the key for its interpretation: ''The brother had a right to contest or not, as he chose. He chose not to do so when the application was made; indeed, he expressly waived his right and encouraged the petitioner to make application for appointment.''

In the case at bar the appellant seems to have acted without delay at the earliest moment, when he became cognizant of the law and facts and of his rights thereunder.

In the case of *In re Bedell,* 97 Cal. 339, 32 Pac. 323, the father first requested the appointment of G. as administrator, and a petition was also filed by the public administrator for letters of administration. Subsequent to his first request, the father, who was entitled to letters, requested the appointment of the public administrator, both being requests for one not at the time entitled to administer the estate. The father, who was entitled to letters, did not himself apply for the appointment, and the court held that having once waived and relinquished his right to administration in favor of the respondent, the court was not required to pay any regard to his subsequent request for the appointment of the public administrator.

In the case of *In re Sullivan's Estate,* 25 Wash. 430, 65 Pac. 793, the application was made for letters by creditors of decedent, and the court said: ''Under the circumstances we believe the court was empowered to appoint 'any suitable and competent person' '' and refused to interfere with the discretion exercised by the probate court. This case does not seem to be in point.

In the case of *In re Clute's Estate,* 37 Misc. Rep. 710, 76 N. Y. Supp. 456, the sole legatee for a valuable consideration, to wit, $200, executed a renunciation and assigned all her interest in the estate to another who applied for letters, and the court held, ''That the cases do not seem to go so far as to hold that in every case there is an absolute right of retraction, which

must be accepted by the surrogate, without his consent," but the refusal to allow such renunciation seems to be based on the fact that she had assigned her interest for a valuable consideration, which is not the fact in the case at bar.

In the very recent case of the *Estate of Blackburn* (Mont.), 137 Pac. 381, where the widow had renounced her right to letters of administration and had nominated another who had been appointed and she thereafter sought to withdraw such renunciation and have letters granted to her, the court said: "Therefore her due was absolute frankness on the part of the person seeking her nomination; and if he, pending her assent to his appointment so demeaned himself as to deceive, or lull her into a false security concerning his attitude, and she, believing him friendly to her and not hostile to her claims, waived her right and assented to his appointment to her disadvantage, it cannot be said that her waiver was fairly procured or freely given," and the court ordered his letters revoked and the issuance of letters to the widow.

In the case of *Rowell v. Adams*, 83 S. C. 124, 65 S. E. 207, the following language is used in the syllabus: "Waiver of right to administration may be retracted at any time before it is acted upon," and in this case for three years A. did nothing, so far as the opinion shows, until after petitioner had filed his petition, which is not analogous with the case at bar.

The right to have letters of administration issued to the nominee (Brownell) was the right of McCormick, not Brownell.

In the *Estate of True*, 120 Cal. 352, 52 Pac. 815, it is stated that "One appointed as coexecutor of a will who renounces his right as such may retract his renunciation at any time prior to the grant of letters to the other. The fact of such renunciation, even if done in pursuance of an agreement with the other executor, cannot operate to estop him from withdrawing it."

At common law the rule was well settled that the renunciation of an executor might be retracted at any time before letters had been granted to another.

In *Casey v. Gardiner*, 4 Brad. Surr. Rep. (N. Y.) 13, it is held that a renunciation may be retracted by the executors

at any time before the grant of administration. This is rather a matter of right than a privilege within the discretion of the surrogate.

This doctrine is sustained by numerous cases. (*In re Shiels' Estate,* 120 Cal. 347, 52 Pac. 808; 11 Am. & Eng. Ency. Law, 756, 757; *Thomas v. Knighton,* 23 Md. 318, 87 Am. Dec. 571; *Estate of Keane,* 56 Cal. 407; *In re Wilson's Estate,* 92 Hun, 318, 36 N. Y. Supp. 882; Abbott's N. Y. Cyc. Dig. 6–235; *Rowell v. Adams,* 83 S. C. 124, 65 S. E. 207.) The later, and what seems to us the better considered cases, follow the doctrine heretofore announced by this court.

We see no reason for a modification of the original opinion herein, and judgment is ordered in accordance with the former opinion. Costs awarded to appellant.

Ailshie, C. J., and Stewart, J., concur.