In Matter of Estate of Pacheco.

# IN THE MATTER OF THE ESTATE OF PACHECO.

WHEN letters of administration have been granted to any other person than the surviving husband or wife, the child, father, mother, or brother of the intestate, and either of the persons occupying that relation to the deceased, present a petition to the Probate Court to have the letters of administration revoked, and to be appointed in place of the incumbent, it is the duty of the Probate Court to make the revocation, and appoint the petitioner, if he or she be competent to perform the duties of the trust.

The word "competent," as used in the sixty-ninth section of the Probate Act, and applied to a surviving husband, or wife, child, father, mother, or brother, means, not addicted to drunkenness, not imprudent, or wanting in integrity or understanding.

APPEAL from the Probate Court, Santa Clara County.

The facts are stated in the opinion of the Court.

*Chase* and *Brown*, for Appellants.

Appellants submit that, as against the whole world beside, they have an absolute, unqualified, personal, statute right to have the appointment of respondents revoked.

Probate Act, Sec. 52, prescribes this absolute right, and the order of priority in cases of estates of intestates. Sec. 97 makes the same right and priority applicable to cases of estates devised, and where testamentary administration is sought. Sec. 67 grants the right of revocation, by petition, of letters granted to one not a relative. Such is the case at bar. Sec. 68 provides for issuance of citation to administrator to appear and answer such petition. Sec. 69 provides, that if the prior right of applicant be established, and he or she be not incompetent, the former letters " shall be revoked," and letters issued to applicant. Sec. 70 provides for the assertion of the prior right generally, even as against an administrator who is a relative, but has only a secondary right.

As to the foregoing provisions, it is submitted that they are expressed, each of them, in language too plain to warrant any attempt to construe or interpret them out of the natural import of the language used.

Appellants have, alike, absolute, unqualified, personal, statute

In Matter of Estate of Pacheco.

right to have their nominees, in their petition named, appointed to administer upon said estate.

In the matter of this last proposition, the Probate Court had no discretion, to exercise, save only in determining: first, whether the nominees, or either of them, were subject to statute disqualifications, as enumerated in Probate Act, Sec. 55; second, whether, in the case before him, the nominees were "equally entitled" with others. (Prob. Act, Sec. 54.) Sec. 66 provides, that one or more competent persons, though not legally entitled, may be appointed at request of those who are legally entitled. (*Kirtlan's Estate*, 16 Cal. 163.)

The statute grounds are the only grounds of disqualification, as against an applicant legally entitled, or entitled by request of one legally entitled. (*Coope* v. *Lowerre*, 1 Barb. Ch. 45; *Harrison* v. *McMahon*, 1 Brad. Sur. 283.)

Where the applicants are equal in right, and not subject to statute disqualifications, then the majority of those in equal right, *ceteris paribus*, controls the minority, though the latter be in the same order of right. (*Peters* v. *Public Administrator*, 1 Brad. Sur. 207.)

*Pratt & Clarke*, for Respondent.

Under the provisions of our Probate Act, executors or administrators may be removed for the following causes:

1. For failing to render an exhibit, when required so to do by the Court. (Prob. Act, Sec. 227.)

2. For neglecting to give additional security, or file new bond, when so required by order of the Probate Court. (Sec. 81.)

3. For fraud, embezzlement, waste, removal from the State, or wrongfully neglecting the estate. (Secs. 281–283.)

4. When letters of administration have been granted to any other person, other than the surviving husband or wife, and a child, father, mother, or brother of intestate competent to the trust, applies for the revocation of such letters, and to have letters issue to such applicant. (Probate Act, Secs. 67–69.)

Of these several grounds for removal, the fourth and last is the only one upon which appellants rely in their efforts to remove

respondent from the administration.   Respondent contends that this ground is not tenable in this case, because—

1st. It is not a case within the provisions of Secs. 67–69. Those sections make provisions for such cases, and such cases only, as arise when a party dies intestate, and original letters of administration have been granted.   Now, in this case, the record shows that Juana Sanchez de Pacheco, died intestate, and that respondent holds letters of administration, with the will annexed, duly issued after the original letters testamentary had been revoked.   And, because,

2d. Under the provisions of Secs. 67–69, the applicant must not only be a child, father, mother, or brother of an intestate, but must in addition thereto, be by the Court adjudged " competent;" and the Court, in this case, passing upon the evidence before it, has adjudged the appellants not competent to the trust solicited.

The Court below refused to remove Emeric upon the showing of the petitioner, and until such removal, no new administrator can be appointed.   With this action of the Probate Court refusing to remove Emeric, this Court will not interfere, unless it be clearly shown that there has been a gross abuse of discretion.   (*Deck's Estate*, 6 Cal. 669.)   This Court surely will not hold that the Probate Court has been guilty of a gross abuse of discretion, in refusing to remove an administrator whom it decreed both capable and faithful, that it might appoint one whom it adjudged not competent to the trust.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

Juana Sanchez de Pacheco died in 1853, leaving a last will and testament, appointing therein two executors, who administered upon the estate until their letters were revoked on account of mismanagement of the estate, and the respondent in this proceeding, Emeric, was duly appointed administrator, with the will annexed.   Some time after the appointment, several of the children and grandchildren of the deceased, and who are the appellants herein, united in a petition praying that Emeric be removed from the administration of the estate, and that one of their number, Rosa Pacheco de Sibrian,

and one Penniman, be appointed in his place, on the ground that he was not entitled to the position by any relationship to the deceased or interest in the estate; that his appointment was not requested by any of the children of the intestate; and other objections are urged in the petition filed by the appellants. The application was heard by the Court, who found the following facts: " That the estate of Juana Sanchez de Pacheco is one of great value, to wit: of the value of at least $100,000; that the acts of the present administrator in all respects meet the approval of this Court; that the petitioner, Rosa Pacheco de Sibrian, is wholly incompetent to perform the duties that would be devolved upon her as administratrix of said estate, and the applicant, Penniman, is a trespasser upon the property of the estate, and is a very improper person to be intrusted with an estate to the prosperity of which he is shown to be in interest opposed. The Court therefore, now, on this ninth day of December, denies said petition with costs against said applicant." From this judgment the applicants appeal.

The first point urged by the appellants is, that they have an absolute, unqualified, personal statutory right to have the appointment of the respondent revoked; and second, that they have the same right to have the applicants for letters appointed to administer upon said estate. One ground of objection to the continuance in office of the present administrator is, that the estate consists of a large tract of land, which has never been partitioned between the heirs; that several of the heirs are and have been for several years residing upon and occupying portions of the land, and that he has brought several suits against them to eject them therefrom, and to recover large sums for back rents, when he has means of the estate in his hands more than sufficient to pay all liabilities against the estate.

Sec. 67 of the Probate Act provides, that " when letters of administration have been granted to any other person than the surviving husband, or wife, the child, the father, mother, or brother of the intestate, any one of them may obtain the revocation of the letters by presenting to the Probate Court a petition praying the revocation, and that letters of administration be issued to him or her." The next section provides for issuing a citation to the

administrator, and Sec. 69 is as follows: "At the time appointed, the citation having been duly served and returned, the Court shall proceed to hear the allegations and proofs of the parties; and if the right of the applicant is established, and he or she be competent, letters of administration shall be granted to the applicant, and the letters of the former administrator be revoked." The appellants contend that the incompetency referred to in this section must come within the disqualifications prescribed in Sec. 55 of the same act, which was amended in 1861, as follows: " No person shall be entitled to letters of administration who shall be, first, under the age of majority; or, second, who shall have been convicted of any infamous crime; or, third, who upon proof shall be adjudged by the Court incompetent to execute the duties of the trust by reason of drunkenness, imprudence, or want of integrity or understanding." (Stat. 1861, 632.)    On the trial, it was admitted that one of the applicants, Rosa Pacheco de Sibrian, cannot read, write, or speak the English language; that she cannot read or write the Spanish; that she is sixty-nine years old, a Californian by birth, and a daughter of the intestate.    It is not claimed that the other applicant, Penniman, is subject to any of the disqualifications mentioned in Sec. 55, nor is the other applicant properly included therein.    The fact of her great age, and that she cannot read or write, and cannot speak English, do not show any want of understanding within the statute.    It is true, they may render it difficult for her to perform some of her duties properly, yet they do not render it impossible.

In the case of *Coope* v. *Lowerre* (1 Barb. Ch. 45), it was held by the Court of Chancery of New York, in construing a similar statute, that the Surrogate had no discretion to exclude a person declared by the statute to be entitled to a preference, except for some of the causes specified in the statute.    And it was held, that no degree of legal or moral guilt or delinquency was sufficient to exclude a person from the administration, as the next of kin, in the cases of preference given by the statute, unless such person had been actually convicted of an infamous crime.    In that case, the administration was granted to a person proved to be dishonest, and against whom a large judgment had been recovered in a case of *crim.*

*con.* The same principles were affirmed in the case of *Harrison* v. *McMahon* (1 Brad. 283), where the administration was granted to one charged with being addicted to gambling and betting, and who had no regular business except that of a gambler. We therefore hold that under the admissions and evidence in this case the daughter, Rosa Pacheco de Sibrian, was entitled to letters of administration.

The evidence in relation to the character and fitness of the other applicant, Penniman, is clear and conclusive in his favor; in fact, no evidence seems to have been introduced impeaching it. The finding of the Court was, that he was a trespasser upon the property of the estate; but the appellants offered to prove, on the trial, that he and his partner were the owners of five hundred acres of the land formerly belonging to the estate, and which he purchased from one of the heirs; but the Court refused to admit the evidence. How the Probate Judge could make such a finding, after excluding the evidence offered to disprove it, we cannot conceive. But even if the findings on this point were true, they form no just ground for his exclusion, where he is the choice of so large a proportion of the children as in this case. Under the admissions and evidence in this case, we think it clear that both the applicants are entitled to be appointed to administer upon the estate. All the facts necessary to show that the applicants were entitled to administration, were admitted by the parties at the trial, and it is not, therefore, necessary to send the case back for a new trial.

The orders appealed from are therefore reversed, and the Probate Court is directed to enter an order in accordance with this opinion.