[S. F. No. 3577.   Department Two.—February 5, 1904.]

In the Matter of the Estate of ELIZA GORDON, Deceased. JOHN FARNHAM, Public Administrator, Respondent, v. ELISHA F. GORDON, Appellant.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—PROOF OF RESIDENCE.—Under a petition by a brother and heir of a deceased sister to revoke letters of administration to the public administrator, and for the issuance of letters to himself, his *bona fide* residence in this state is sufficiently shown by proof that he came to this state six years before her death, with the intention to make it his home and residence, and that he had done so, and had ever since resided in this state.

ID.—FACTS NOT DISPROVING RESIDENCE—INMATE OF SOLDIERS' HOME—RESIDENCE OF CHILDREN—NON-REGISTRY AS VOTER.—The fact that the petitioner was an inmate of a soldiers' home was as much in accord with his claim of residence as if he had lived elsewhere in the state. It is no disproof of his residence in this state that the petitioner, who was seventy-four years of age, was married and had children living in Massachusetts, where there is no evi-

dence that he had a wife living, or that his children were living in a family home when he came to this state. They cannot be presumed to be minors, or to need a father's care, neither is it any disproof of intention to reside in this state that the petitioner never registered as a voter therein.

ID.—INCOMPETENCY OF PETITIONER—FINDING OUTSIDE OF ISSUES.—A finding that the petitioner was "improvident and lacking in understanding in such extent that he is not competent to execute the office or trust as administrator of said estate," made outside of the issues, must be disregarded.

ID.—SUFFICIENCY OF PETITION—PRESUMPTION OF COMPETENCY.—The petition need only state the age, residence, and heirship of the petitioner to the decedent, concerning which no presumption of law is indulged in his favor. His qualification being thus averred and proved, there is a presumption in his favor that he is competent to act, and he need not aver competency, nor negative the existence of any of the disqualifying conditions which would render him incompetent to act.

ID.—ANSWER—BURDEN OF PROOF—FINDING.—The burden is on the party contesting the competency of the petitioner to act as administrator, notwithstanding he is of age, and a resident of the state, and qualified as an heir of the decedent, to allege and to prove facts showing that he is incompetent to act; and in the absence of allegations of incompetency in the answer, a finding that the petitioner is not competent to act as administrator is outside of the issues.

ID.—TIME OF SETTLEMENT OF BILL OF EXCEPTIONS.—Where the bill of exceptions to the order of the court denying the petition was settled under section 649 of the Code of Civil Procedure, which permits it to be settled at the time the decision was made, and the certificate settling it recites that the bill was "duly presented within the time allowed by law," it must be assumed that the bill was presented when the decision was made; and the fact that it was settled before the entry of the order, and after the presentation of the bill, cannot affect the right of the appellant to use it upon appeal from the order.

ID.—APPEAL—REVIEW OF EVIDENCE.—Where the appeal was taken within sixty days after the entry of the order, the evidence may be reviewed thereupon.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition to revoke letters of administration to the public administrator and to issue letters to the petitioner. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

W. C. Van Fleet, Phillip I. Manson, and Edward F. Tread-well, for Appellant.

Carlton W. Greene, for Respondent.

LORIGAN, J.—On October 25, 1900, Eliza E. Gordon died intestate in the city and county of San Francisco, leaving an estate therein, and thereafter letters of administration thereon were duly granted to the respondent as public administrator.

On December 2, 1902, the appellant, Elisha F. Gordon, filed a petition for revocation of the letters granted to respondent, and for the issuance of letters to himself.

His petition set forth that he was a brother of the deceased, a resident of the state of California, over the age of twenty-one years, and contained the usual statements of the death of deceased intestate, leaving no husband, children, mother, or father, the general character of the estate, the names of the heirs at law, including himself, and the appointment of respondent.

In response to a citation duly issued and served, the respondent filed an answer denying generally all the allegations of the petition, save his own appointment, and the matter coming on for hearing the court on January 26, 1903, made and filed findings in which it found all the allegations of the petition to be true, except that as to residence it expressly found "that said Elisha F. Gordon is not a *bona fide* resident of the state of California," and made an additional finding "that said Elisha F. Gordon is improvident and lacking in capacity and understanding to such an extent that he is not competent to execute the office or trust as administrator of said estate." Thereupon, an order was made denying the petition for revocation of the letters of respondent, as also the petition for the issuance of letters to appellant.

This appeal is taken from such orders on a bill of exceptions, and as the grounds for a reversal it is insisted,—1. That there is no evidence to support these findings, but, on the contrary, the evidence shows that the appellant was competent in all respects to act as administrator; and 2. That as to the finding that the appellant is improvident and lacking in capacity and understanding to such an extent as not to be competent to execute the office of administrator, there is no issue raised by the pleadings as to the competency of the peti-

tioner in these particulars, and that the finding thereon is therefore outside of the issues.

As to the sufficiency of the evidence, we will address ourselves first to the finding that the appellant is not a *bona fide* resident of the state of California. Only two witnesses were sworn in the case, the appellant and his nephew. The testimony of the nephew was of no particular moment, and that of the appellant was directed solely to proof of his age, relationship to the deceased, and his residence. Upon these matters, aside from residence, the court found in his favor.

Stating appellant's testimony generally as to residence, it appears therefrom that he is seventy-four years of age, and had formerly lived in Massachusetts, from which state, having sold his property there, he came to California and has resided here continuously for some six years past; that he came to this state with the intention of making it his permanent home and residence, and had done so; that upon his arrival here he lived in San Francisco about a year and a half, and afterwards went to Napa County, where (having been a soldier) he entered the Soldiers' Home at Yountville and remained three months; that having purchased a ranch in Napa County, he left the home and remained on the ranch for a year and a half, when he sold it. He then returned to San Francisco, where he remained until he left to enter the Soldiers' Home at Santa Monica, where he has remained ever since. His departure to enter said home was some six months prior to the time when his application for letters came on to be heard; that he went to the home to save expenses. The appellant further testified that he was a married man, that he had four children residing in Massachusetts, and that he had never registered as a voter in California.

This is substantially all the evidence on the subject, and we think it unquestionably proved that appellant was a *bona fide* resident of the state. We are unable to perceive upon what theory it could be doubted. His intention to make this state his residence was formed, and his acts and conduct illustrative of its *bona fides* occurred, years before the death of his sister, so that it cannot be said he was fictitiously asserting his residence for purposes of administration. It was established long before any necessity for administration arose. Residence is to be determined from the intention of the party,

and that intention is to be gathered mainly from his acts. All the acts of appellant were in harmony with the existence of such intention, and we are not pointed to any act during the interval of years that appellant has been in the state which is not consistent with his expressed intention.

The only suggestions made in support of the finding are that the evidence shows that appellant is a married man, having four children in Massachusetts, his former family home, and hence it must be presumed that his home is where his wife and children are; that he has never registered as a voter in this state, and has, at different periods, been an inmate at the Soldiers' Home.

The appellant had a right as a soldier to enter the home. The exercise of that right did not in the slightest degree militate against his claim that he was a *bona fide* resident of the state. His presence there was as much in accord with his claim of residence as if he had lived elsewhere in the state. He was none the less a resident by reason of being at the home. He could have acquired a residence solely by being an inmate there. (*People* v. *Holden,* 28 Cal. 137; *Stewart* v. *Kyser,* 105 Cal. 463.)

Neither was it necessary as an evidence of that intention that he should have registered as a voter. That was a right which he might, or might not, exercise, as he saw fit.

As to the matter of his family ties in Massachusetts, there is no direct evidence in the case that appellant has a wife living. In response to counsel's inquiry whether he was a married man, he answered in the affirmative. Counsel for respondent argues from this that he had a wife living, and that it must be presumed that he intended to return to Massachusetts. There is, however, no direct proof upon the subject. The witness may have understood the inquiry to be whether he had been married, as counsel for appellant in his brief contends that he did understand it. Neither side in the examination seem to have pressed the matter any further than this general inquiry, or to have attached any importance to ascertaining the actual fact. Under these circumstances, and against the positive evidence, all showing residence in good faith, we do not think this dubious inference is of any moment. Neither is there any evidence that there was any home in Massachusetts, occupied by the family, before appel-

CXLII. Cal.—9

lant come to California; nor that his children occupied it with him; nor is there any testimony concerning the children, save that he has four. There is no presumption that these children are minors. In fact, it is a reasonable inference that children of a man of appellant's age are old enough to take care of themselves and do not need the paternal presence to watch over them.

As to the contention that the evidence was insuffi<sup>n</sup>·ent to show that appellant was improvident, and lacking in capacity and understanding to such an extent as to render him incompetent to act as administrator, we do not purpose discussing it, because we are of the opinion that the other point made by appellant, that no issue was raised under the pleadings as to the competency of the petitioner in these particulars, and that the finding of the court in that regard was outside the issues, is well taken. Section 1383 of the Code of Civil Procedure, under which this proceeding was instituted, reads: "When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying for the revocation, and the letters of administration may be issued to him."

Section 1385 of the same code provides: "At the time appointed, . . . the court must proceed to hear the allegations and proofs of the parties; and if the right of the applicant is established, and he is competent, letters of administration must be granted to him, and the letters of the former administrator revoked."

By section 1369 thereof it is declared: "No person is competent or entitled to serve as administrator or administratrix who is: 1. Under the age of majority; 2. Not a *bona fide* resident of the state; 3. Convicted of an infamous crime; 4. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity."

It is insisted by counsel for respondent that under these sections it is necessary, in a petition for revocation of letters, that the petitioner duly allege, not only that he is a *bona fide*

resident of the state, and of the age of majority, but that he must also further specifically allege the non-existence of all of the other matters which, under section 1369 of the statute, would otherwise disqualify him—to allege that he has not been convicted of an infamous crime, and is not a drunkard, improvident, or wanting in understanding or integrity. That, if he is not required to make these specific allegations, he is, at least, required to make a general allegation of competency, and, in any event, that the burden of proving competency to the extent of showing the non-existence of all these disqualifying conditions is cast upon the petitioner.

We are of a contrary opinion. While it is true that a person is not entitled to letters of administration who comes within any of these disqualifications, yet we are satisfied that it is only necessary for a petitioner to allege in his petition the existence of those matters concerning which no presumption of law is indulged in his favor. Where such presumption exists it is neither necessary to allege matters in aid of such presumption, nor does the law cast upon the petitioner the burden of proving them.

The only matters set out in the section as to incompetency, concerning which the law does not raise the presumption in favor of their non-existence, is as to residence and age. There is no presumption that a person is a resident of the state, or of any particular age. As to these matters it is, therefore, necessary for the petitioner to allege and prove them. The presumptions, however, are in his favor against the existence of any of the other disqualifications. It would hardly serve any useful purpose to endeavor to sustain, by authority, the proposition that no presumption is indulged in that a person has been convicted of an infamous crime. All men are presumed innocent. Nor that a person is a drunkard, or improvident, or that he lacks understanding or integrity. Every person is presumed to be sane and in the full possession of ordinary mental faculties. Likewise, it is presumed that he possesses a fair character for truth, honesty, and integrity. The word "integrity" as used in section 1369 "means soundness of moral principle and character, as shown by a person's dealing with others, in the making and performance of contracts, in fidelity and honesty in the discharge of trusts. In short, it is used as a synonym for probity, honesty, and up-

rightness in business relations with others." (*In re Bauquier*, 88 Cal. 307.) And by subdivision 4 of section 1963 of the Code of Civil Procedure it is presumed "that a person takes ordinary care of his own concerns."

In all these matters the presumptions are with the petitioner, and it would be idle to require him to allege what the law does not require him to prove.

In the case at bar, as in like cases generally, all that the petitioner was required to show, in order to establish his right to letters, was that he was an heir at law. On showing that he was a resident and of the age of majority, in addition to his right, his competency was established. This was proof of all matters concerning which the law raises no presumption. As to the existence of any other matters which might disqualify him, the law raised a presumption in his favor of their non-existence.

If the respondent desired to question his personal competency, it devolved upon him to make an issue as to any particular disqualification, by setting up in his answer its existence. He was not entitled to be heard to overcome the presumption against its existence unless he did so. It is of no moment to say that the petitioner should have, at least, alleged general competency. Such an allegation would not have helped the respondent. The petition did allege generally that he was entitled to letters which, if it were necessary, might be held to be about as effective as a general allegation of competency, which at best would be but a conclusion of law.

Assuming, however, that the petitioner had alleged general competency, as it is claimed he should have done, in addition to the special allegation of residence and age, this would not have affected the case. Under such general allegation the petitioner would only have been required to prove, as he did, his special allegation as to residence and majority. As to all the other matters specified in section 1369 he could have rested upon the presumption in his favor as to their non-existence, casting the burden of proof as to such matters where the law contemplated it should be cast, upon the respondent.

Neither do we perceive how the public administrator, or, in fact, any one who is not in a position to contest the absolute

right of another to administration, can stand upon a different, or better, footing than a person contesting an original application for letters of administration. When such an application for general grant of letters is originally made, any person contesting such right on the ground of the incompetency of the applicant, must allege his grounds of incompetency (Code Civ. Proc., sec. 1374), and necessarily the burden of proof is upon him to establish his allegations in that regard.

So, we think, under the general rule of law, the duty was cast upon the respondent, if he wished to attack the competency of this petitioner, to allege and prove his incompetency for any of the reasons specified in said section 1369, the non-existence of which the law presumed in his favor.

It will be observed that, as to the disqualifications mentioned in the fourth subdivision of that section, the section itself requires that there shall be a direct adjudication by the court as to those matters in the particular proceeding. As this adjudication can only properly be made upon proof of the existence of such disqualifications, and as the person resisting an application for letters upon such grounds has the burden of proving them cast upon him, so also is the necessity of alleging their existence required of him.

It will be observed, also, that none of the sections above referred to provide that the petitioner for revocation of letters shall allege or prove his competency. They do not deal with the matter of pleading or proof. They simply declare a right; that is, that one who otherwise would be entitled to letters may have letters which were previously issued revoked, if he is competent to act as administrator. To what extent a petitioner is required to plead or prove such competency is not mentioned, and we are of the opinion that the proper rule as to those matters is as we have above indicated.

As no issue was tendered in this proceeding as to improvidence, lack of capacity, or understanding of the petitioner, the finding of the court upon these matters was outside the issues, and unwarranted under the pleadings.

We are mindful of the point made by respondent that this court cannot consider the bill of exceptions accompanying the appeal from the order because it was not presented at a proper time. That order was entered on April 9, 1903. The bill of exceptions was settled and filed April 2, 1903, one week

before the entry of the order. Respondent claims that it was settled too early; that, under section 650 of the Code of Civil Procedure, it could only be settled within ten days after the entry of the order, not before. It is not necessary to determine whether this early settlement could render the bill ineffectual, because it seems to have been settled under section 649 of the Code of Civil Procedure, which permits the bill of exceptions to be settled at the time the decision is made, and the certificate of the judge recites that this bill was "duly presented within the time allowed by law." Under this certificate it must be assumed that the bill was presented at the time when the decision was made. This is at most all the law requires of counsel, and, if the court actually settled it at a date later than its presentation, this cannot affect the right of appellant to use the bill on an appeal from the order. Neither is there any merit in the point that the appeal was taken too late to permit the use of the bill in reviewing appellant's exception to the sufficiency of the evidence to support the findings. The appeal was taken within sixty days after the entry of the order.

There is nothing further in the case which requires consideration, and for the reasons given the order of the lower court is reversed and the cause remanded.

Beatty, C. J., and Henshaw, J., concurred.