[L. A. No. 2874.   Department Two.—September 26, 1911.]

In the Matter of the Estate of B. L. A. MUNROE. Deceased.

ESTATES OF DECEASED PERSON.—IMMORALITY OF PERSON NOMINATED AS EXECUTOR.—Mere immorality is not sufficient to justify a court's refusal to appoint as executor or executrix one who is duly nominated for such appointment by will.

ID.—GROSS IMMORALITY SHOWING WANT OF INTEGRITY—EVIDENCE—APPEAL.—Evidence that a woman nominated as executrix of a will was not only immoral but promiscuous, prone to disorderly conduct, once the consort of a man who in spite of difference in race lived with her at a saloon in the lower part of the city, and who had been arrested several times for vagrancy, and was living at the time of applying for letters testamentary in meretricious relations with a man not her husband, is sufficient to justify a finding of her want of integrity, and an order refusing her letters testamentary on that account will not be interfered with on appeal.

ID.—GRANT OF LETTERS OF ADMINISTRATION WITH WILL ANNEXED.—Where a person nominated in a will as executrix is found to be incompetent, letters of administration with the will annexed should issue as in cases of intestacy.

APPEAL from an order of the Superior Court of San Diego County refusing to appoint as Executrix of a Will a person nominated in the Will as the Executrix.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

W. J. Mossholder, and Marks P. Mossholder, for Respondent.

MELVIN, J.—This is an appeal by Ella J. Gates from an order whereby the superior court refused to appoint her executrix of the last will and testament of B. L. A. Munroe, deceased. Both Gates and the public administrator petitioned for letters and the latter was granted letters of administration.

Munroe died testate, devising a part of his real property and bequeathing all of his personal property to said Ella J. Gates. The will did not in terms mention an executrix, but the last sentence contained the words "Said Ella J. Gates to be without bonds." The will was admitted to probate, and the court ruled that the testator intended to nominate the woman as executrix without bonds. Thereupon the public administrator, P. J. Layne, presented objections and written opposition to the issuance of letters to her on the grounds of her incompetency by reason of her drunkeness and her want of integrity. The court found that she was not incompetent by reason of drunkenness, but that her want of integrity was established, and this latter ruling is the one against which appellant's counsel directs his principal attack.

George Pringle, a police officer, testified that he had known Ella Gates for fifteen years; that during the five or six years preceding the time of his testifying he had frequently seen her in saloons drinking; that she, a negress, had for a time lived in a saloon with a white man in the lower part of the city of San Diego; and that every time she got drunk she would hire a horse and buggy and would drive furiously through the streets. Another policeman testified that Ella Gates had lived with different negroes and that at one time she resided with a white man. There was other testimony given by the mother of Ella Gates and by one Wright, who lived on the lower floor of the house in which she occupied a room on the upper floor, tending to show that she was at that time living with a man named Ramsey, who was not her husband. William H. Wetherbee, a police officer, testified that some years before the hearing Ella Gates had been arrested three times for vagrancy. Some of this testimony was contradicted by witnesses called on behalf of appellant, but we must here not weigh conflicting evidence, but determine whether or not that given on behalf of the respondent is sufficient to support the finding of want of integrity in Ella Gates. Undoubtedly mere immorality is not sufficient to justify a court's refusal

to appoint as administrator or administratrix one who is duly nominated for such appointment by will. (*In re Bauquier*, 88 Cal. 307, [26 Pac. 178, 532]; *Estate of Newman*, 124 Cal. 693, 45 L. R. A. 780, [57 Pac. 686]; *Estate of Gordon*, 142 Cal. 131, [75 Pac. 672].) In the first mentioned proceeding it was held that the application of one nominated as an executor cannot be denied for want of integrity merely because petitioner has a claim against the estate. The second was one in which this court upheld the issuance of letters of administration to a widow who had contracted a bigamous marriage, and the opinion in the last mentioned proceeding merely held that a petitioner for letters need not negative in his petition the existence of the disqualifications mentioned in section 1369 of the Code of Civil Procedure. In the matter before us the disqualifying facts as presented by the witnesses called on behalf of the public administrator were much stronger than those which were reviewed in the proceedings cited above. Here, according to the testimony, the woman was not only immoral but promiscuous; prone to disorderly conduct; once the consort of a man who in spite of difference in race lived with her at a saloon "in the lower part" of the city; had been arrested several times for vagrancy; and was living at the time of the trial in meretricious relations with one Ramsey. Sometimes such a woman may be one of "integrity" in the usual affairs of business, and if the court had granted her petition perhaps the finding in her favor would not be disturbed. But when the court had her before it, and the judge having listened to the testimony and having observed her demeanor, found from the evidence that her depravity as shown amounted to a want of integrity, we cannot say that there was no substantial evidence upon which to base such a finding.

The public administrator was a person entitled to apply for appointment. The will was admitted to probate without objection, but the executrix named was found to be incompetent. This placed the matter in exactly the same position as if it were one of intestacy. (Code Civ. Proc., sec. 1350a.) In such a case the public administrator is entitled to petition for letters of administration with the will annexed. (*Estate of McDonald*, 118 Cal. 278, [50 Pac. 399].)

The order from which the appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.