[S. F. No. 8330. Department One.—January 22, 1918.]

In the Matter of the Estate of JARENA D. WRIGHT, Deceased.

ESTATES OF DECEASED PERSONS—TIME—COMPUTATION—SUFFICIENCY OF NOTICE.—Under section 1373 of the Code of Civil Procedure requiring notice of an application for administration to be given by posting at least ten days before the hearing, a notice posted on January 5, 1917, for a hearing on January 15, 1917, was sufficient.

ID.—EXECUTORS AND ADMINISTRATORS—QUALIFICATIONS OF ADMINISTRATOR—ADVANCED AGE.—The mere fact that a petitioner for administration is of the age of ninety-two years does not constitute a disqualification for the office and duties of an administrator of an estate.

ID.—CONTESTING APPOINTMENT—PREJUDICE AGAINST CERTAIN HEIRS.—EVIDENCE.—The fact that a petitioner for administration with the will annexed entertains prejudices against some of the heirs or devisees does not disqualify him to serve, and hence, on the hearing of an opposition, the trial court does not err in sustaining objections to evidence offered to show such prejudices.

ID.—DECLARATIONS OF APPLICANT AGAINST HIS OWN FITNESS.—While the court might have admitted evidence of previous declarations of an applicant for administration that "he was too old to qualify and did not feel able to do so," the exclusion of such testimony was not prejudicial, since the court having had opportunity to observe and determine for itself the present fitness of the applicant, what the latter might have thought or said as to his own qualification at some earlier time became quite immaterial.

APPEAL from an order and decree of the Superior Court of Sonoma County. Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

R. L. Thompson, for Appellant.

Geary & Geary, for Respondent.

RICHARDS, J., pro tem.—This is an appeal from an order and decree appointing William B. Brown administrator with the will annexed of the estate of Jarena D. Wright, deceased. The facts of the case are these: Jarena D. Wright died testate in the county of Sonoma in November, 1916, leaving an

estate consisting of real and personal property in said county, and also leaving a will disposing of the same wherein Robert A. Forsyth was named as executor. The latter having died prior to the death of the testatrix, it became necessary to have letters of administration with the will annexed issued to some competent and qualified person. Such letters were issued to Virginia S. Blake, a sister of the deceased, who, however, died shortly after the issuance of such letters to her. Thereupon, and on January 4, 1917, one C. M. Long filed his application for the issuance to him of letters of administration with the will annexed, alleging himself to be a nephew of the deceased, Wright. Notice of the hearing of said application was issued and posted upon said last-named day, wherein the hearing of the petition on said application was fixed as January 15, 1917. On January 5, 1917, William B. Brown filed his petition for the issuance to himself of letters of administration with the will annexed, alleging himself to be the sole surviving brother of the decedent; and on said day notice was issued and posted which also fixed the date of hearing upon said petition for January 15, 1917. Both of these petitions came on for hearing before the court on January 22, 1917, at which time said C. M. Long presented and filed his answer and opposition to the petition of said William B. Brown, based upon two grounds:

"1. That said court is without jurisdiction to hear or determine said petition of William B. Brown, upon the ground that said petition was not duly noticed for hearing according to the provisions of section 1373 of the Code of Civil Procedure.

"2. That said petitioner William B. Brown is not competent to qualify or act as such administrator with the will annexed of said estate, under the provisions of section 1369 of the Code of Civil Procedure, for want of understanding and integrity, in this that said petitioner is old and infirm physically and mentally, being of the age of 91 years; that his memory is defective; that he resides at a distance of more than fifty miles from Santa Rosa where the greater portion of said estate exists and where said estate is in process of probating;

"That petitioner C. M. Long is informed and believes that said estate includes a large amount of real and personal property exceeding the value of $100,000.00, and that a vast

amount of labor, investigating, research and litigation will be required to bring said property into said estate.

"That owing to the age and infirmity of the said petitioner William B. Brown, he is not his own free agent, but is dominated and influenced in his action by others; and that he is not impartial and unbiased as to the parties interested in said estate, but is biased and prejudiced, and has expressed and avowed his prejudices against the interest of certain heirs and legatees of said estate."

Upon the hearing, William B. Brown offered himself as a witness in support of his petition for letters, and was examined and cross-examined quite fully as to his age, residence, habits of life, relations with his deceased sister, knowledge of the amount, condition, and value of her estate, and also as to his feelings and prejudices affecting certain of her heirs and devisees. From such examination it appeared that William B. Brown was of the age of ninety-two years, a widower living with his daughter in Berkeley, having retired from active business several years before, and occupying his time chiefly in doing the chores in and about his daughter's home, going to the market or bank, buying provisions. paying bills, and the like. He testified quite at length respecting his occasional visits to his sister, and as to the condition and value of her estate. From such examination, as well as from his appearance and conduct upon the hearing, the court determined that he was both competent and qualified to have letters of administration issued to him, and made its order and decree accordingly, appointing him administrator with the will annexed of his deceased sister's estate. From such order and decree the petitioner C. M. Long prosecutes this appeal.

The first contention of the appellant is that the court did not acquire jurisdiction to hear and determine the petition of Brown, because the notice of hearing thereon was not given for the period required by section 1373 of the Code of Civil Procedure. There is no merit in this contention. The petition of Brown was filed on January 5, 1917, and the notice of hearing thereon was issued and posted on that day. The time fixed for the hearing was January 15, 1917. This constituted sufficient notice to satisfy the requirement of section 1373 of the Code of Civil Procedure. (*Bates* v. *Howard*, 105 Cal. 173, [38 Pac. 715].

The next contention of the appellant, that the evidence touching the competency of William B. Brown to receive the appointment as administrator and to act and serve as such was insufficient to establish the same, is equally unmeritorious. It is true that the petitioner Brown was of the age of ninety-two years, but this fact alone would not constitute a disqualification, since the statute fixes no time above the age of majority when advanced age will of itself amount to a disqualification for the office and duties of administrator of an estate. Discussing a similar contention in the *Estate of Pacheco*, 23 Cal. 476, this court said: "The fact of her great age, and that she cannot read or write, and cannot speak English, do not show any want of understanding within the statute. It is true, they may render it difficult for her to perform some of her duties properly, yet they do not render it impossible." In the instant case, in spite of the advanced age of the petitioner Brown, the evidence sufficiently showed him to be a man of considerable physical activity and of quite remarkable clearness of memory and perception, for one of his years, in attending to his own business, and in relation to his knowledge of his deceased sister's affairs and estate. The court had, therefore, ample proofs before it to sustain its order.

Nor would the fact that the petitioner Brown entertained some prejudices against some of the decedent's heirs or devisees suffice to disqualify him to serve as administrator of her estate, and for that reason the action of the court in sustaining objections to questions propounded by appellant along that line of inquiry, and also in refusing to permit in evidence a letter of the petitioner wherein expression was given to these prejudices, would not be erroneous. (*Estate of Bauquier*, 88 Cal. 478, [26 Pac. 373].)

It is finally contended by the appellant that the court erred in sustaining the objection to certain questions put by him to the witness Brown as to whether he had not at some time prior to the filing of his petition for letters of administration stated to several persons that he was "too old to qualify, and did not feel able to do so"; and in refusing to allow appellant to call and examine witnesses to prove these previous statements of the petitioner in that regard. The court might well have permitted this evidence to go in, although at most it would only have shown a change of opinion on the part of

the petitioner Brown as to his ability to perform the duties of administration. But the error of the court, conceding it to be such, was not sufficiently prejudicial to justify the reversal of this case, in view of the fact that the petitioner Brown was before the court upon his own application for letters, and was fully examined and cross-examined as to his physical and mental capabilities to perform the functions of administrator; and the court having thus had an abundant opportunity to observe and determine for itself the present fitness of the petitioner Brown, it became quite immaterial what the latter might have thought or said as to his own qualifications at some earlier point of time.

This disposes of the several contentions that the appellant urged upon this appeal.

Order and decree affirmed.

Sloss, J., and Shaw, J., concurred.