[L. A. No. 6226. Department One.—April 7, 1920.]

In the Matter of the Estate of MARY JANE WEBSTER JOHNSON, etc., Deceased.

[1] ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—RIGHT OF SURVIVING HUSBAND.—A surviving husband is entitled to letters of administration on his wife's estate in preference to anyone else, unless incompetent on some statutory ground.

[2] ID.—WANT OF UNDERSTANDING OF SURVIVING HUSBAND—APPEAL—AFFIRMANCE OF FINDING—RULE.—Where on sufficient evidence a surviving husband is found to be incompetent to administer on his wife's estate for a want of understanding, the finding cannot be overturned on appeal even though in the opinion of the appellate tribunal it be contrary to the preponderance of the evidence.

[3] ID.—PRESUMPTION OF MENTAL CAPACITY—EFFECT OF.—The *prima facie* presumption of mental capacity does not change the rule that if the trial tribunal, court or jury finds that the fact is proven, such finding cannot be disturbed on appeal unless there is no evidence to support it, or it is plainly contrary to the

evidence, but merely operates to throw on the party claiming that mental capacity is lacking the burden of proving that fact.

[4] ID. — WANT OF UNDERSTANDING — FINDING SUPPORTED BY EVIDENCE.—On this appeal by a surviving husband from an order appointing an administratrix with the will annexed of the estate of his wife, it is held the finding of want of understanding of the appellant, is sustained by the evidence.

APPEAL from an order of the Superior Court of Los Angeles County appointing an administratrix with the will annexed. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hutton & Fogel and Kennicott & Williams for Appellant.

Manning, Thompson & Hoover for Respondent.

OLNEY, J.—This is an appeal from an order appointing one Mary T. Hiatt as the administratrix with the will annexed of the estate of the decedent. The appeal is taken by the surviving husband of the decedent, who himself had petitioned for letters and whose petition was denied. [1] As the surviving husband of the decedent he was entitled to letters in preference to anyone else, unless he were incompetent on a statutory ground of incompetency. One such statutory ground is a "want of understanding," and the lower court found that the appellant was incompetent on this ground. The sole point presented on appeal is as to the sufficiency of the evidence to sustain this finding.

We have stated that the sole question is as to the sufficiency of the evidence to sustain the finding mentioned. This, perhaps, is not an exactly accurate statement of the position of appellant's counsel. That position, as stated by counsel, is that the sole question is as to whether or not appellant's lack of understanding was established by a *preponderance of the evidence*. But the question of preponderance of evidence is one exclusively for the tribunal whose function it is to try and to determine the question of fact. It is not a question for the appellate tribunal. [2] If there was sufficient evidence to justify the finding, it cannot be overturned on appeal, no matter what the views of the appellate court may be as to what conclusion it would

have reached as to the preponderance of evidence if it had been trying the fact. [3] Counsel for appellant seem to have the impression that this is changed by the circumstance that there exists a *prima facie* presumption of mental capacity. But this presumption merely operates to throw on the party claiming that mental capacity is lacking the burden of proving that fact. It does not change the rule that if the trial tribunal, court or jury, as the case may be, finds that the fact is proven, such finding cannot be disturbed on appeal unless there is no evidence to support it, or it is plainly contrary to the evidence.

Looking at the matter as one of the sufficiency of the evidence there can be but little question. It appears that at the time of the hearing the appellant was some eighty-three years of age. About a year before he had had a severe fall and according to his own testimony for some time thereafter was subject to hallucinations. Several witnesses whose association with him was sufficient to warrant them in forming an opinion as to his mental capacity, testified that he was subject to hallucinations; that he was exceedingly forgetful; that his mind wandered; that he was apt to be imposed upon. It is objected that the observations of all the witnesses so testifying had entirely ceased three months before the date of the trial, and that for this reason their testimony should not be accepted. A situation could easily be imagined where observations as to a person's mental condition made three months before would be of little value, but such is not the case where, as here, the person whose capacity is in question is of exceedingly advanced years so that his mentality is naturally growing weaker rather than stronger, and where the observations have extended over a considerable period and there is nothing to indicate that the lack of capacity observed was of a temporary character. In addition to the testimony mentioned is the fact that the appellant himself was on the stand and was carefully examined by the court at length. His testimony is a little wandering and uncertain at times. For example, the appellant had been married twice, but did not seem to be certain whether he was married the second time in 1893 or 1903. It would not be fair to say, however, that the written record of his examination affirmatively shows mental weakness. But, on the other hand, it

does not negative it, and the trial court had the very great advantage of actually seeing and observing the appellant (*Estate of Munroe,* 161 Cal. 10, [Ann. Cas. 1913B, 1161, 118 Pac. 242]; *Estate of Wright,* 177 Cal. 274, [170 Pac. 610]). His appearance, his demeanor, his manner of answering questions, all the small but significant *indicia* of rationality or its lack, may have made it quite apparent to the trial court that he was genuinely mentally incompetent, and yet not appear in the written record at all. [4] In view of the direct testimony mentioned and the advantage which the trial court had of personal observation of the appellant, it is impossible for us to say that its conclusion was not justified.

Order affirmed.

Shaw, J., and Lawlor, J., concurred.