[Civ. No. 5913. First Appellate District, Division Two.—January 10, 1928.]

E. J. CLINTON, Respondent, v. H. N. YATES et al., Appellants.

R. M. Estcourt for Appellants.

Arthur Joel for Respondent.

BURROUGHS, J., *pro tem.*—This action is based upon a promissory note.

Appellants admit the due execution and delivery of said note, but claim it was given without consideration. The undisputed evidence shows that in April, 1925, the respondent leased to the appellants for a term of two years a house; that in the house were certain household goods such as carpets, draperies, chairs, tables, etc.; that the respondent and appellants inventoried said goods and placed a separate value on each article, the total value being $642; that the appellants purchased said personal property, giving therefor the promissory note here sued upon. It further appears without conflict that said goods were of the reasonable value of said sum. Mrs. Yates, one of the appellants, testified that there was a further agreement which was a part of the consideration of said note. Said agreement being that respondent was to give appellants a lease of said premises for five years, but respondent has failed and refused to do so. This testimony was contradicted by the respondent and his witnesses and the trial court resolved the conflict in favor of the respondent. The rule that the finding of the trial court under such circumstances will not be dis-

turbed is so well settled that it seems unnecessary to cite authority; however, *Moss* v. *Smith,* 181 Cal. 519 [185 Pac. 385], and *Estate of Johnson,* 182 Cal. 642 [189 Pac. 280], are among the later cases so holding.

■ Appellants also refer to certain alleged errors in sustaining objections to questions which were propounded to a witness. There is no attempt made by counsel to point out wherein the rulings were prejudicial, but we have examined each assignment and find no error. Nearly all of the questions to which the objections were sustained called for the conclusion of the witness, and the objections thereto were properly sustained. Appellants were afforded every opportunity to present their case and were not precluded from introducing any fact material to the issues.

■ Appellants contend that because of the alleged illness or nervousness of Mrs. Yates she was unable to testify coherently and the court should have granted a continuance of the trial. The record does not disclose that a motion for a continuance was made, but even if such a motion had been seasonably and properly made, its decision would have rested in the sound discretion of the court and could only be disturbed by this court upon a showing of an abuse in the exercise of such discretion.

No reason has been shown why the judgment should be disturbed. The judgment is therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 30, 1928.