[L. A. No. 11912. In Bank.—August 30, 1930.]

In the Matter of the Estate of LOUIS V. OLCESE, Deceased.

W. H. Metson for Appellant.

Borton & Petrini for Respondent.

THE COURT.—Louis V. Olcese died, intestate, leaving an estate in the county of Kern, of which county he was a resident at the time of his death. From the record before us it appears that he was unmarried and childless, his nearest relatives surviving being Victor Olcese, a brother, and Margaret Olcese, Minnie Stoakes and Jennie Causa, sisters, all being residents of California and of lawful age.

On August 28, 1929, Margaret Olcese, Minnie Stoakes and Victor Olcese filed a petition praying that letters of administration be issued to them. On August 30, 1929, the Bank of Italy National Trust and Savings Association filed its petition asking that letters be issued to it as the nominee of the third sister, Jennie Causa, she having filed a waiver of her right to act as administratrix together with a nomination of the bank. The two petitions were heard together pursuant to the provisions of section 1374 of the Code of Civil Procedure. The trial court thereupon denied the joint petition of the two sisters and one brother, and granted the petition of the bank, it being the nominee of one sister. Victor Olcese is the only one of the three whose joint petition was denied that has seen fit to appeal.

In the order appointing the bank as administrator and denying the application of appellant and his two sisters, the court, among other things, found that "petitioner Victor Olcese is hereby found and adjudged by the Court to be incompetent . . . by reason of want of understanding. . . ."

After appellant had perfected this appeal respondent moved to dismiss the same on the principal ground that the petition of Victor Olcese, Margaret Olcese, and Minnie Stoakes was and is a joint petition, and that two of the said petitioners have not seen fit to appeal, and that Victor Olcese, individually, is not therefore a party aggrieved by the order denying the joint application. By stipulation the appeal and motion to dismiss have been submitted for decision together.

On the appeal the principal question involved is whether when there are four persons of the same class equally entitled to letters under section 1365 of the Code of Civil Procedure, and three members of that class petition for letters in their own right, and one member of that class renounces and nominates a bank under the terms of section 1379 of the Code of Civil Procedure, has the court discretion to select the nominee, in preference to the others of the same class who object, it being assumed that those objecting are legally competent? This last problem will be treated first.

The two principal code sections involved are 1365 and 1379 of the Code of Civil Procedure. Section 1365 in part provides:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned . . . in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed . . .

"4. The brothers and sisters . . .

"9. Any person legally competent . . ."

Section 1379, so far as pertinent here, provides:

"Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the *person entitled,* filed in this court . . . "

Also drawn into the discussion is section 1367 of the Code of Civil Procedure, which in part provides:

"When there are several persons equally entitled to the administration, the court may grant letters to one or more of them . . ."

The problem involved simmers down to the question as to whether, under section 1379 of the Code of Civil Procedure, the court may in its discretion appoint a nominee of one of the persons of a certain class over the protest of one or more of the same class—does the nominee step into the shoes of the nominator in this respect? Or, stated in another way, is the "person entitled" within the meaning of section 1379, any one of a group composing a class within the meaning of section 1365, or does that expression mean the entire class?

The only authority to which we have been referred by either counsel that is at all in point on this question is the *Estate of Myers,* 9 Cal. App. 694 [100 Pac. 712]. In that case the heirs at law of the deceased were three daughters, Kate Roche, Sophia Drier and Ann Baker. Kate Roche and Sophia Drier, each being competent to act, nominated Thomas Roche; Ann Baker, likewise competent, applied for letters in her own right. It will thus be seen that the factual situation is exactly the same as that presented on this appeal. The trial court held that it had no discretion to choose between the two petitioners, and that Ann Baker "as a matter of strict legal right" was entitled to be appointed in preference to the nominee of her sisters. The District Court of Appeal affirmed the decision of the trial

court, stating the question involved in the following language (9 Cal. App. 695):

"The three daughters named being equally entitled to letters, the question we are asked to decide is whether or not Ann Baker, a daughter of deceased, was, as a matter of strict right, entitled to letters in preference to the nominee of both of the other daughters."

The court based its decision affirming the trial court on the following reasoning (p. 697):

"It is claimed by appellant that the nominee of a person of a particular class, as here the nominee of certain daughters, steps into the shoes of the nominators, and is entitled to all the rights of another daughter of the same class, and by virtue of section 1379, the court is clothed with discretionary power to choose between the nominee and the daughter claiming the right to administer. . . . Appellant claims that the provisions of 1379 must be read into and made to apply to all the classes other than class 1 (referring to the classes designated in 1365, Code of Civil Procedure) so as to practically make it discretionary with the court in all the classes to appoint a nominee when some other person of the same class seeks appointment. In the case of a husband or wife there can be but one who may be appointed, and it was as to him or her that the statute provided that a nominee might be named and that a right absolute was thus conferred upon the latter. (*Estate of Dorris*, 93 Cal. 611 [29 Pac. 244].)

"It seems to us that the effect of the action taken by the two sisters in appointing Roche, who otherwise had no right to be appointed, was to renounce their right under section 1365, and that Roche then became clothed only with such rights as flowed from section 1379, but that the rights of Ann Baker were unaffected and remained absolute. Had each one of the sisters applied for letters the court would have been authorized to use its discretion in making an appointment (section 1367). But when the court was confronted with the petition of Roche, who claimed only as a nominee under section 1379, and had to decide between that petition and the petition of Ann Baker, applying in her own right, it had no discretion; her right was absolute, and, as her competency, and fitness and qualifications were

not questioned, it became the duty of the court to grant her petition."

We are in accord with the reasoning thus set forth. Whatever power the court may have to grant letters to a nominee, other than of class 1 of section 1365, is to be found in section 1379. As we have heretofore seen that section provides the power exists "at the written request of the person entitled." As intimated in the above decision "person entitled" must have been used to refer to the entire class entitled. A nominee of class 4 (which is the class herein involved) would, in the court's discretion, have an equal right to be appointed with the member or members of any subsequent class (*In re Bedell*, 97 Cal. 339 [32 Pac. 323]; *Estate of Healy*, 122 Cal. 162 [54 Pac. 736]), but such nominee has no rights as against any other member of the same class who demands letters in his or her own right.

Our independent research has discovered one case where although the factual situation was somewhat different from that involved here, the reasoning employed is applicable. That case is *Justice* v. *Wilkins*, 251 Ill. 13 [95 N. E. 1025] (reversing 158 Ill. App. 504). In this case one member of a class entitled to letters, nominated a stranger, and the majority of the same class objected. At page 1026 of 95 N. E., the court stated:

"Any one of the nephews and nieces residing in this state, and otherwise qualified, was entitled to be appointed as administrator, and the court might have granted letters to any one or more of them. Could he legally appoint a stranger to the class, nominated by one of these nephews or nieces, unless the others who were equally entitled to administer waived their rights? In our judgment the statute is mandatory to appoint one or more of the next of kin residing in the state, who were otherwise qualified, unless they waived their rights. . . . When any one heir of a class waives the right and nominates another, the one so nominated is not to stand in the place of the other, with equal rights to administer as against the other heirs of the class, unless the person nominating is the only heir of that class."

It is true that the statute therein involved (Hurd's Rev. Stats. 1909, chap. 3) was somewhat different from the Cali-

fornia statutes here involved, but the reasoning employed in the above case is applicable here.

From the foregoing reasoning we conclude that in this state a nominee of one or more members of a particular class, with the exception of class 1 of section 1365, does not step into the shoes of the nominator. If other competent members of the nominator's class object and apply for letters in their own right, the court has no discretion but must appoint one or more of the objectors. If there is only one person in a class, or if all other members of the nominator's class do not object, then the nominee, in the court's discretion has equal rights with all members of subsequent classes. It therefore follows that the trial court was in error in denying the application of Victor Olcese, Margaret Olcese and Minnie Stoakes, and was also in error in granting the petition of the respondent bank.

We turn now to a discussion of the second point involved on this appeal. As already stated, the trial court found that appellant Victor Olcese was incompetent ''by reason of want of understanding.'' We find no support for this finding in the record. In the first place it must be kept in mind that there is a strong presumption of competency operating in favor of a petitioner for letters of administration, and the burden of proof rests upon one claiming otherwise (*Estate of Gordon,* 142 Cal. 125 [75 Pac. 672]). In the second place, from the record we find no evidence to indicate the necessary want of understanding to disqualify petitioner. The expression ''want of understanding'' (Code Civ. Proc., sec. 1369) means that petitioner must have a want of common intelligence amounting to a defect in intellect. For example, it has been held that failure to understand the law applicable to administration, inability to read, write or speak the English language, old age, unfamiliarity with large business affairs—none of these are sufficient to disqualify one otherwise entitled to letters. (*Estate of Wright,* 177 Cal. 274 [170 Pac. 610]; *Estate of Bizzell,* 172 Cal. 486 [157 Pac. 237]; *Estate of Li Po Tai,* 108 Cal. 484 [41 Pac. 486]; *Estate of Pacheco,* 23 Cal. 476; *Estate of Piercy,* 3 Cof. Prob. Dec. 473.)

The evidence in this case shows that appellant is a man forty-nine years of age, who, although never engaged in what we may term large business affairs, has been employed

in various capacities, and as far as appears, his services have always been satisfactory. Although a little vague as to his income, it appears that until he sold his interest in his mother's estate that income varied from time to time. It affirmatively appears that at the present time he is co-executor with his sister, Margaret, of the estate of another deceased brother, in which estate Jennie Causa, nominator of respondent herein, is one of the heirs. Jennie Causa when questioned as to her brother's competency gave it as her opinion that he was competent. Nowhere do we find any evidence of lack of competency. Although we realize that the trial court had the opportunity to observe the appearance and demeanor of appellant on the stand and his manner of answering questions, and although we realize that that fact should be given great weight (*Estate of Johnson,* 182 Cal. 642 [189 Pac. 280]) we do not feel that a finding of want of understanding, implying as it does a defect in intellect, should be predicated upon that fact alone. Such a rule would be exceedingly dangerous to litigants and would, in effect, deprive this court of its power of review in such cases.

Turning now to a consideration of respondent's motion to dismiss this appeal, we find that that motion must be denied. Respondent bases its motion on the following facts: The petition in which Victor Olcese joined with his sisters, Margaret Olcese and Minnie Stoakes, was, as has been heretofore mentioned, in form, a joint petition. From the order denying this petition Victor Olcese alone has appealed. Respondent therefore contends that since the petition was a joint one that Victor Olcese is not a person, individually, aggrieved by such order, and that therefore he cannot maintain this appeal. Respondent further contends that as against Margaret Olcese and Minnie Stoakes it has a vested right to the letters granted to it.

In the first place, respondent is mistaken in attempting to apply the rules applicable to civil actions to this proceeding. ■ Proceedings for the settlement of estates and matters connected therewith are not civil actions, nor are they actions at law as defined in the code. The proceeding is a special proceeding *in rem* and not governed by the rules applicable to civil actions generally. (*Estate of Dolbeer,* 153 Cal. 652 [15 Ann. Cas. 207, 96 Pac. 266]; *Estate of*

*Joseph,* 118 Cal. 660 [50 Pac. 768]; *Carpenter* v. *Superior Court,* 75 Cal. 596 [19 Pac. 174]; 11 Cal. Jur. 236, sec. 22.)

■ In the second place, the mere fact that the petition was joint in form in no way bound the trial court to grant the petition in the form asked for. The court, in its discretion could have granted letters to all three, if competent, or any two, or any one. This power is specifically conferred on the trial court by section 1367 of the Code of Civil Procedure, quoted *supra.*

■ In the third place, respondent has entirely misconstrued the nature of the right that appellant is seeking to protect on this appeal. When Victor Olcese, Margaret Olcese and Minnie Stoakes applied jointly for letters, the right of *each one* of the petitioners was not to have all three appointed, if competent, but the right each one individually was seeking to exercise, was to have the court, acting under the provisions of section 1367 choose from those entitled to letters under section 1365 and who had applied for the same, the one or ones it felt were best fitted to act as administrator. In other words, the right of Victor Olcese was not to have himself appointed in exclusion of his sisters, or at all, but his right was to have the court exercise its discretion and appoint, from those entitled and competent, the one or ones it saw fit. By failing to appeal Margaret Olcese and Minnie Stoakes have lost this right, but by such failure they can in no way affect the rights of Victor Olcese. On this appeal we are not concerned with the rights of Margaret Olcese and Minnie Stoakes, but are simply concerned in protecting the right of Victor Olcese, as outlined above.

■ Inasmuch as this matter for the foregoing reasons must be sent back to the trial court for further proceedings, it should be pointed out that Jennie Causa, by nominating the bank and renouncing her own right to letters, is not barred from retracting her nomination and applying in her own right. A request for appointment of a nominee does not estop the person entitled from revoking the request. (*Estate of Shiels,* 120 Cal. 347 [52 Pac. 808].) Therefore, in fairness to all concerned, Jennie Causa, if she be so advised, should have the right to retract her nomination and apply for letters in her own right, and the court may then appoint from all the petitioners entitled under section

1365, if competent, the person or persons it shall, in its discretion, deem best fitted.

The orders appealed from are reversed, and the matter remanded to the trial court for further proceedings in accordance with this opinion.